A. WENTWORTH ERICKSON, Respondent, v. SILVANUS J. MACY, Appellant.

Service of process — substituted service.— service of summons by publication upon soldier in military service of the United States — when order of publication and service thereunder erroneous under the Federal " Soldiers and Sailors Civil Relief Act."

1. The general rule in regard to service of process is that process must be served personally within the jurisdiction of the court upon the person to be affected thereby. Substituted service when provided by statute is in derogation of such general rule, and, consequently, the directions thereof must be strictly construed and fully carried out to confer any jurisdiction upon the court.

2. The act of congress passed March 8, 1918, known as the " Soldiers and Sailors Civil Relief Act," provided that " The period

of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators or assigns whether such cause of action shall have accrued prior to or during the period of such service," and further provided that "The provisions of this act shall apply to the United States, the several states and territories, the District of Columbia, and all territory subject to the jurisdiction of the United States, and to proceedings commenced in any court therein, and shall be enforced through the usual forms of procedure obtaining in such courts or under such regulations as may be by them 'prescribed.'" The enactment of that section by congress was within its power.

3. The United States Constitution (Art. 6, subd. 2) declares that "This Constitution, and the laws of the United States, which shall be made in pursuance thereof * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding." Hence the provision of the Code of Civil Procedure of this state (§ 382) prescribing that an action upon a contract obligation or liability, express or implied, must be commenced within six years after the cause of action was accrued, was by the Federal Civil Relief Act modified and amended as if such act had been enacted by the legislation of this state as an amendment to the Code of Civil Procedure. Subdivision 6 of section 438 of the Code of Civil Procedure did not authorize the making of an order of publication of the summons herein because the limitation of the time to commence the action had not and could not expire by reason of the federal statute until some time after the order was made. The order was, therefore, improperly granted and should be reversed and a motion to set aside the service of the summons by publication should be granted.

*Erickson* v. *Macy*, 194 App. Div. 950, reversed.

(Argued February 28, 1921; decided April 19, 1921.)

APPEAL, by permission, from so much of an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 17, 1920, as affirmed an order of Special Term denying a motion to vacate and set aside the service of the summons upon the defendant by publication.

The defendant is, and at all the times herein mentioned

was, a resident of the county of Livingston in this state.
On the 29th day of June, 1912, he made and delivered
to the plaintiff his promissory note dated that day for
$22,704.04 payable with interest on demand. The note
has not been paid. On the 1st day of June, 1918, the
defendant entered the military service of the United
States and departed from and remained out of this state
until subsequent to his discharge from military service
on July 10, 1919. After the defendant left this state
and in June, 1918, the plaintiff delivered a summons and
complaint in the Supreme Court on said note to the
sheriff of Livingston county for service. It was returned
unserved, because, as certified by said sheriff, he was
unable to find the defendant in said county. On July
16, 1918, an order was granted directing the service of
the summons by publication. The order was based upon
papers including an affidavit in which it was stated that
" There has not been, to the best of deponent's knowledge
and belief, any exception suspending the running of the
Statute of Limitations on said cause of action or enlarging
the time; and that the limitation for the time for bringing
this action, as prescribed by chapter 4 of the Code of
Civil Procedure, would, as deponent is advised and
believes, have expired within sixty days next preceding
this application if such attempt to commence the action,
as aforesaid, had not been made."

The summons was thereafter published in accordance
with the terms of the order. A motion was made to set
aside the service of the summons, which motion was
denied. An appeal was taken from that order to the
Appellate Division. The Appellate Division modified
the order of the Special Term so far as it related to the
judgment that had been entered upon the alleged default
of the defendant after the publication of the summons,
but unanimously affirmed the order so far as it denied
the motion to set aside the order of publication. (*Erick-
son* v. *Macy*, 194 App. Div. 950.)

The Appellate Division thereafter granted leave to appeal to this court and in the order certified that in its opinion four questions of law ought to be reviewed by this court, viz.:

" 1. Did the act of Congress of March 8th, 1918, known as Soldiers and Sailors' Relief Act, extend the New York state statutes limiting the periods of time to enforce a civil remedy against persons engaged in military service of the United States for the period of such service?

" 2. Did the justice of the Supreme Court, by whom the order of July 16th, 1918, in this action was made, directing service of the summons herein upon the defendant by publication, have authority and jurisdiction under subdivision 6 of section 438 of the Code of Civil Procedure of the state of New York, in view of the said act of Congress of March 8th, 1918, to grant the said order of publication?

" 3. Had the limitation of time in which to commence the action expired at the time the said order was applied for and granted, except for the plaintiff's attempt to commence the action by the delivery of the summons to the sheriff?

" 4. Would such limitation of time have expired within sixty days next preceding the application for such order if the time had not been extended by the attempt to commence the action?"

*Charles Van Voorhis* for appellant.   The act of Congress of March 8, 1918, extended the New York state Statute of Limitations of actions as applied to persons engaged in military service for the period of such service. (*Stewart* v. *Kahn*, 11 Wall. 493; *Mayfield* v. *Richards*, 115 U. S. 137; *Hoffman* v. *C. F. C. Savings Bank*, 121 N. E. Rep. 15; *Pierrard* v. *Hoch*, 191 Pac. Rep. 328; *G. T. W. R. Co.* v. *Thrift Trust Co.*, 115 N. E. Rep. 685.)   The justice was without jurisdiction to grant the order direct-

ing service of summons upon the defendant by publication because the limitation of time to commence the action had not expired at the time the order was applied for and granted. (*Clarkson* v. *Butler,* 173 App. Div. 43; *Taylor* v. *Fenn,* 162 App. Div. 930.) Statutes providing for substitutes for personal service must be complied with in every detail to confer jurisdiction to grant orders for such service and the direction thereof must be strictly pursued. (*Korn* v. *Lipman,* 201 N. Y. 404; *Kennedy* v. *Lamb,* 182 N. Y. 228; *Gay* v. *Ulrichs,* 136 App. Div. 809; *Murphy* v. *Franklin Savings Bank,* 131 App. Div. 759; *McLaughlin* v. *McCann,* 132 App. Div. 67; *Empire City Savings Bank* v. *Silleck,* 98 App. Div. 139; 180 N. Y. 541; *Haight* v. *Husted,* 4 Abb. Pr. 348; *Wortman* v. *Wortman,* 17 Abb. Pr. 66; *Kendall* v. *Washburn,* 14 How. Pr. 380; *Hallett* v. *Richters,* 13 How. Pr. 43.) ·

*Edward Harris* for respondent. The federal act does not stay proceedings in this action, and the service of the summons upon the defendant was made in conformity therewith and within the statutory period. (*Hayden* v. *Pierce,* 144 N. Y. 512; *Stewart* v. *Kahn,* 11 Wall. 493.) The federal act does not amend or avoid the state court's process. (*Ellard* v. *Goodall,* 83 So. Rep. 568; *People ex rel. Barbour* v. *Gates,* 43 N. Y. 40; *Moore* v. *Moore,* 47 N. Y. 467; *Coppernoll* v. *Ketcham,* 56 Barb. 111; *Lewis* v. *Randall,* 1 Abb. Pr. [N. S.] 136; 30 How. Pr. 378; *Walton* v. *Bryenth,* 24 How. Pr. 357; *Quinn* v. *Lloyd,* 1 Sweeney, 253; *Carpenter* v. *Snelling,* 97 Mass. 452; *Ely* v. *Peck,* 7 Conn. 239; *Davison* v. *Champlin,* 7 Conn. 244; *U. S.* v. *Campbell,* Tapp. [Ohio] 29; *Ex parte Knowles,* 5 Cal. 300.)

CHASE, J. Whenever it is necessary to determine whether jurisdiction has been obtained over a defendant in an action by service of the summons in some way other than by personal service thereof, it must be remembered

that the general rule in regard to the service of process established by centuries of precedent, is that process must be served personally within the jurisdiction of the court upon the person to be affected thereby. Substituted service when provided by statute is in derogation of such general rule, and, consequently, the directions thereof must be strictly construed and fully carried out to confer any jurisdiction upon the court. (*Korn* v. *Lipman,* 201 N. Y. 404.)

By the Code of Civil Procedure it is provided that an action upon a contract obligation or liability, express or implied, must be commenced within six years after the cause of action has accrued. (Sec. 382.)

By an act of Congress passed March 8, 1918, known as the " Soldiers and Sailors' Civil Relief Act " it is provided that: " The period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators or assigns whether such cause of action shall have accrued prior to or during the period of such service." (U. S. Compiled Statutes, Supplement, 1919, section 3078¼e, page 617.) The enactment of that section by Congress was within its power. (*Stewart* v. *Kahn,* 78 U. S. 493; *Mayfield* v. *Richards,* 115 U. S. 137; *Mondou* v. *New York, N. H. & H. R. R. Co.,* 223 U. S. 1; *Hoffman* v. *Charlestown Five Cent Savings Bank,* 231 Mass. 324; *Grand Trunk Western Railway Co.* v. *Thrift Trust Co.,* 115 N. E. Rep. 685; *Konkel* v. *State,* 170 N. W. Rep. 715; *Pierrard* v. *Hoch,* 191 Pac. Rep. 328.)

The laws of the United States constitutionally enacted. are the laws of the individual states and of all the people of the United States. It was said by Chief Justice MARSHALL in *McCulloch* v. *State of Maryland* (4 Wheaton, 316) that the nation on those subjects on which it can act must necessarily bind its component parts.

The United States Constitution, article 6, subdivision 2, declares: " This Constitution, and the laws of the United States, which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the Judges in every state, shall be bound thereby; anything in the Constitution or laws of any state to the contrary notwithstanding."

By said Civil Relief Act it is further expressly provided: " The provisions of this act shall apply to the United. States, the several states and territories, the District of Columbia, and all territory subject to the jurisdiction of the United States, and to proceedings commenced in any court therein, and shall be enforced through the usual forms of procedure obtaining in such courts or under such regulations as may be by them prescribed." (U. S. Compiled Statutes, supplement 1919, section 3078¼aaa, page 614.)

The Code provision of this state prescribing the time within which an action can be brought on a promissory note after the cause of action accrues was by said Civil Relief Act modified and amended as if the federal statute had been enacted by the legislature of this state and included as an amendment in our Code of Civil Procedure.

The federal statutes quoted do not affect the jurisdiction of the courts of this state or in any way prescribe or stay proceedings therein. They simply extend the time in which an action can be commenced against a person in military service by enacting that the period of military service " shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against " such person. The plaintiff was mistaken in stating to the court on the application for the order of publication that there had not been any exception extending the running of the Statute of . Limitations on his cause of action or

enlarging the time. The time for the commencement of an action on the note had been extended and enlarged by the period of military service of the defendant. The order was granted upon the theory that under section 382 of the Code of Civil Procedure the time for the commencement of an action on the note would expire on the 29th day of June, 1918, and that an order directing the service of the summons upon the defendant by publication could be made pursuant to section 438, subdivision 6, of the Code of Civil Procedure. That subdivision of said section provides that: " Where the defendant is a resident of the state or a domestic corporation; and an attempt was made to commence the action against the defendant, as required in chapter fourth of this act, before the expiration of the limitation applicable thereto as fixed in that chapter; and the limitation would have expired, within sixty days next preceding the application, if time had not been extended by the attempt to commence the action."

That subdivision of said section did not authorize the making of the order in this case because the limitation of the time to commence the action had not and could not expire until some time after the order was made.

The plaintiff urges that the federal statutes should be construed to permit the publication of the summons in accordance with the order granted because if the time that a defendant is in military service is not included in computing the period of limitation prescribed by the Code it will lead to great confusion and uncertainty in regard to the time when the Statute of Limitations in a given case will expire.

In many cases, among others absence for a time of a debtor from the state, it was possible to encounter uncertainty and confusion of fact in computing the time when the Statute of Limitations in a given case would expire under the Code of Civil Procedure as it existed prior to the enactment of the federal statute.

It should also be suggested that a holder of a cause of action is not necessarily confined in his remedy thereon to the particular subdivision of the Code of Civil Procedure mentioned, nor to enforcing his remedy in this state.

The provision of the Code of Civil Procedure and of the federal statute lead inevitably to the conclusion that the order of publication in this case was improperly granted. The provisions thereof are too plain to permit of a different construction.

The order should be reversed, and motion to set aside the service of the summons by publication should be granted, with costs in all courts, and the questions certified should be answered as follows: The first in the affirmative, and the second, third and fourth in the negative.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.