142

GEORG JENSEN HANDMADE SILVER, Inc.,
v. GEORG JENSENS SØLVSMEDIE
A/S et al.
No. 6392.

United States Court of Appeals for the District of Columbia.

Argued April 9, 1935.

Decided June 24, 1935.

Rehearing Denied July 25, 1935.

Axel V. Beeken, of Washington, D. C., for appellant.

Walter C. Clephane, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Appeal from a decree in the Supreme Court of the District quashing service of a subpœna and the return thereon, and dismissing the bill for want of jurisdiction.

A brief statement showing the relationship of the parties will be helpful. The defendant Georg Jensens Sølvsmedie A/S (which we shall refer to as the Silversmithy) is a Danish corporation engaged in Denmark in the manufacture of gold and silverware and jewelry. The defendant Pedersen is a Danish subject, a resident of Denmark, and an officer of the Silversmithy. The defendant Georg Jensen & Wendel A/S (the Jensen & Wendel corporation) is also a Danish corporation located in that country and engaged in the sale of the products manufactured by the Silversmithy. The defendant Møller is also a subject and resident of Denmark and an officer of the Jensen & Wendel corporation.

In August, 1923, a contract (an exhibit to plaintiff's bill) was entered into between the Silversmithy, Pedersen, Møller, Georg Jensen (designer of Silversmithy's products), and Frederik Lunning. Lunning thereby secured for a definite term of years for himself and his assigns the exclusive right to sell in the United States articles manufactured by the Silversmithy from designs made by the artist, Jensen. Lunning was to make a specified minimum volume of sales yearly, and he was to be allowed the use of all patents, trade-names, and trade-marks in connection with the business. As protection to Lunning the other parties undertook for a period of twenty years to refrain from selling the same wares in the United States, Lunning's exclusive territory. Lunning was to sell only the products of the Silversmithy.

In January, 1925, and April, 1926, supplementary agreements were entered into whereby the 20-year term was extended and Lunning's obligation was modified as to the volume of sales required of him. The 1926 supplementary contract also modified Lunning's prior obligation to purchase solely from the Silversmithy.

The Jensen & Wendel corporation was not a party to any of these contracts.

In June, 1928, Lunning assigned his entire business in the United States, including his contract rights, to Georg Jensen Handmade Silver, Inc., a New York corporation, and plaintiff below (appellant here),

which is engaged in the sale in the United States of the Silversmithy's products.

Thereafter, in 1934, the present suit was initiated, the object of which, broadly stated, is to establish the validity of the contracts above referred to as well as the assignment by Lunning to appellant, and to secure equitable relief against their alleged violation.

Since all the defendants were, as above stated, subjects and residents of Denmark and not doing business within the District, jurisdiction was sought to be obtained by service of subpœna upon Herbert R. Kerslake (a resident of the District of Columbia), who had been designated in three trade-mark registrations as a special process agent of the Silversmithy and the Jensen & Wendel corporation under the provisions of section 3 of the Trade-Mark Act of 1905 (15 U. S. C. § 83, 15 USCA § 83). That section provides that every applicant for the registration of a trade-mark, or its renewal, who is not domiciled within the United States, "shall, before the issuance of the certificate of registration * * * designate, by a notice in writing, filed in the Patent Office, some person residing within the United States on whom process or notice of proceedings *affecting the right of ownership of the trade-mark of which such applicant may claim to be the owner,* brought under the provisions of this act or under other laws of the United States, may be served, with the same force and effect as if served upon the applicant or registrant in person."    (Italics ours.)

■ The court below, after stating that neither of the defendants, Pedersen and Møller, was designated as process agent under the Trade-Mark Act, and that while the bill claims that the corporate defendants represent the individual defendants, being as the bill expresses it each an "alter ego" of the individual defendants, held that a suit against an agent is not a suit against the principal; that the service provided by statute brings before the court the person who appoints the process agent, and not any third person whose agent the appointing party may be; that an agent cannot be sued upon a cause of action arising from the acts of the principal; and that it is not necessary to determine whether the "proceedings" referred to in the Trade-Mark Act were limited to proceedings in the Patent Office, because the court was without jurisdiction in the case even if the pro-

visions of the statute were not so limited; that the agency of Kerslake is limited in its scope to proceedings "affecting the right of ownership of the trade-mark of which such applicant may claim to be the owner"; that the only matters in the bill which could be considered as coming within this provision is that part of the bill which seeks to cancel the Silversmithy Registration No. 148928, "and the bill on its face shows that the trade-mark is no longer in force"; and that under this pretext the defendants cannot be brought before the court for purposes not within the statute.

Section 3 of the Trade-Mark Act 1905 is of limited application. Maya Corporation v. Smith (D. C. Del.) 32 F.(2d) 350; Erickson v. Macy, 231 N. Y. 86, 90, 131 N. E. 744, 16 A. L. R. 1322. The provision requiring a nonresident applicant to designate some person residing within the United States on whom process may be served is restricted to "proceedings affecting the right of ownership of the trade-mark of which such applicant may claim to be the owner." In the present case an examination of the bill and exhibits fails to disclose that any one of the defendants claims to be the owner of any registered mark claimed by appellant, or which so nearly resembles such mark as to be likely to be mistaken therefor by the public. Section 7, Trade-Mark Act 1905, 15 U. S. C. § 87, 15 USCA § 87. There is, therefore, no basis for the contention that the defendants had submitted to the jurisdiction of the court below.

■ Appellant further contends that the attempted special appearance was in fact a general appearance by which the defendants submitted themselves to the jurisdictions of the court. There is no merit in this contention. In Jones v. Gould (C. C. A. 6) 149 F. 153, 156, the claim was that the defendants invoked the exercise of jurisdiction upon the merits by requiring the court to pass upon the facts of the case in order to determine the nature of the relief prayed. The court answered the contention as follows: "But we think this is a forced construction of the language employed. It was indeed necessary for the court to look into the bill and ascertain from its allegations and the prayer for relief whether the nature of the case was such as to authorize it under the provisions of section 738, Rev. St., and of section 8, Act March 3, 1875, c. 137, 18 Stat. 472 (U. S. Comp. St. 1901, p. 513 [see 28 USCA § 118]), to obtain jurisdiction of the

144

defendants by publication of notice or service of process outside of its territory, for service could not be had within it. * * * The defendants, therefore, properly referred to the nature of the relief sought by the bill as a reason for denying the jurisdiction of the court over their persons, for as they were neither citizens of the state nor residents therein, personal service could not be had, and the question for the court would then be whether the nature of the case was such that the substituted service authorized by the statute could be resorted to." In Gage v. Riverside Trust Co. (C. C.) 156 F. 1002, 1003, the court said: "There is no question but that, on a motion to vacate an order for substituted service made under said section [section 8, act of March 3, 1875, 18 Stat. 472], the court must examine the bill in order to ascertain whether or not the case is within the statute. * * * Facts, which would otherwise be heard only on the merits, must necessarily be considered in determining the legality of the service."

The decree was right, and is affirmed.

Affirmed.