**FIRST NATIONAL BANK OF ANCHORAGE, a corporation, Plaintiff,**

v.

**KAISER–FRASER OF ANCHORAGE, Inc., Audrey I. Cutting, the United States of America, Territory of Alaska, and John D. Budke, Defendants.**

No. A–9729.

District Court, Alaska
Third Division, Anchorage.
April 4, 1956.

Daniel H. Cuddy and John C. Dunn, Anchorage, Alaska, for plaintiff.

Bell, Sanders & Tallman, J. K. Tallman, Anchorage, Alaska, for defendant Budke.

J. Gerald Williams, Atty. Gen., Territory of Alaska, for defendant Territory of Alaska.

William E. Plummer, U. S. Atty., Anchorage, Alaska, for defendant United States.

Audrey I. Cutting, pro se.

McCARREY, District Judge.

The plaintiff foreclosed a mortgage against Lot 4 in Block 19 of the East Addition to the Original Townsite of Anchorage that had been executed by Kaiser-Fraser of Anchorage, Inc., an Alaska corporation. The property was sold by the United States Marshal upon a writ of execution. Thereafter the plaintiff moved the court: "* * * for an order releasing to the plaintiff the proceeds realized from the sale of the property by the U. S. Marshal under execution."

This case now comes before the court upon motions made by the defendant John D. Budke: (1) "* * * to set aside the judgment of October 12, 1955 * * * for the reason that the court lacked jurisdiction over this Defendant;" "* * * for the further reason that this defendant has a valid and meritorious defense to the action herein in that he has a judgment, dated October 11, 1954, which said judgment was based upon a lien made prior and paramount to any other lien by statute and that defendant was, from lack of knowledge, prevented from appearing * * * for the further reason that plaintiff herein was not diligent in attempting to locate this defendant as appears from the supplementary affidavit attached hereto, * * * " At a still later date, defendant Budke filed motion (2) "* * * and moves the Court for an Order rescinding the sale of the property, * * * " and, (3) "It is further moved that the Court deny the motion for the order confirming said sale, when said order and motion is presented to this Court."

The motions are supported by the customary affidavits, which are set forth virtually in full in order to give the defendant Budke's grounds and reasoning. The affidavit to motion No. 1 (supra) avers that a check of the records in the file discloses that the law of Alaska was not followed in this proceeding since there was not proper service of summons as provided in 55–4–10 et seq., 1949 A.C. L.A., in that, "* * * affiant has checked the records in the above-entitled case and that he was unable to find any Order of Publication which directed a copy of the Summons and Complaint to be forthwith deposited in the Post Office, directed to the defendant at his place of residence. Affiant further states that an order for publication of summons * * * did not conform to the Alaska Compiled Laws Annotated 1949, Section 55–4–10, in that no mention was made of any mailing of a copy to defendant John D. Budke."

"Affiant further states that the records herein do not show the mailing of a copy of the Order for Publication of Summons to defendant John D. Budke, nor do the records show that a Summons itself was mailed to defendant John D. Budke."

"Affiant further states that the Marshal's Return of Service does not show that any attempt was made to obtain a substituted service."

"Affiant further states that the Marshal's return of Service set forth an address for defendant John D. Budke, but that the record does not show that any mailing was ever made to the address indicated."

"Affiant is informed, and so believes, that no notice or service of any sort was actually made upon defendant John D. Budke, and that John D. Budke did not have any knowledge whatsoever of the action taken herein."

"Affiant further states that he found one of the copies of the publication of Summons, sworn to by the principal clerk of the Anchorage Daily News, directed to a John D. Burke, but that said publication of Summons was not directed to John D. Budke."

"Affiant further states that defendant John D. Budke has a valid and meritorious defense to the action herein in that said defendant has a Judgment, dated October 11, 1954, and signed by this Honorable Court, which said Judgment was based upon the lien made prior and paramount and superior to any other lien by statute; that the aforementioned lien was upon the property the subject of the action herein."

55-4-10, 1949 A.C.L.A., provides as follows: "Order: Mailing of copy: Personal service: Form of Summons. The order shall direct the publication to be made in a newspaper to be designated by the court or judge or clerk or justice of the peace as the most likely to give notice to the person to be served, and for such length of time as may be deemed reasonable, not less than once a week for four weeks. *In case of publication the court or judge thereof or clerk of court or his deputy, or the justice of the peace, as the case may be, shall also direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the defendant at his place of residence, unless it shall appear that such residence is neither known to the party making the application nor can with reasonable diligence be ascertained by him.*" (Emphasis supplied.)

■ Compliance with the statute of service must be strictly construed. Bradley Mfg. Co. v. Burrhus, 135 Iowa 324, 112 N.W. 765; Erickson v. Macy, 231 N.Y. 86, 131 N.E. 744, 16 A.L.R. 1322; Null v. Staiger, 333 Pa. 370, 4 A.2d 883.

Also, a strict interpretation has been accorded legislation authorizing substituted service, Stewart v. Stringer, 41 Mo. 400, and service by publication; Guaranty Trust & Safety Deposit Co. v. Green Cove Springs & Melrose Railroad Co., 139 U.S. 137, 11 S.Ct. 512, 35 L.Ed. 116; Erickson v. Macy, 231 N.Y. 86, 131 N. E. 744, 16 A.L.R. 1322.

■ I, therefore, find that service upon the defendant John D. Budke was not properly effected under the law, in that a copy of the complaint and summons was not mailed to the defendant at his place of residence as provided in 55-4-10, supra; thus, the court does not have jurisdiction to, nor does it now determine the legal rights of Budke in the property foreclosed in this action.

The second point of law raised by the defendant's first motion is that the judgment should be set aside because he has a prior lien, which the defendant refers to as a judgment obtained in the case of John D. Budke, petitioner, v. Kaiser-Fraser Company of Anchorage, defendant, A-10,327, on a decision and an award given by the Alaska Industrial Board under 43-3-1 et seq., 1949 A.C.L.A.

■ The motion to set aside the judgment is hereby denied under the general principle of law that persons holding liens prior or superior to the mortgage under foreclosure are neither necessary nor proper parties to the action since the only proper object of the proceeding is to bar all rights subsequent to the mortgage and the decree can have no effect on the rights of parties having priority whether they are made parties to the action or not. 19 R.C.L., p. 529; Osborn on Mortgages, p. 939, Jerome v. McCarter, 94 U.S. 734, 24 L.Ed. 136. It is not to be inferred that the court is determining the priority or lack of priority

of the defendant's claim, as this question is not before the court due to the lack of service (supra).

 Counsel for the defendant John D. Budke argued that the purchaser of this property, under 55–4–11, 1949 A.C. L.A., is presumed to be a purchaser in good faith, and, therefore, the right given to the defendant, who has not been properly served, in this section cannot now come in under " * * * good cause shown, and upon such terms as may be proper, be allowed to defend after judgment and within one year after the entry of such judgment on such terms as may be just; and if the defense be successful, and the judgment or any part thereof has been collected or otherwise enforced, such restitution may thereupon be compelled as the Court shall direct." With this I cannot agree, since I find that Budke's lien is not lost by virtue of this section, and further find that Budke's rights are not affected by this action, but find that the purchaser of this property at the Marshal's sale took title to the property subject to whatever claim, if any, defendant John D. Budke had since the purchaser of the property here in question purchased the same under the general principle of *caveat emptor*. 24 R.C.L. 178; Meherin v. Saunders Constable, 131 Cal. 681, 63 P. 1084–1086, 54 L.R.A. 272; Frost v. Yonkers Savings Bank, 70 N.Y. 553.

 The motion requesting the court to deny the *order confirming sale* and for an *order rescinding the sale of the property* " * * * when said order and motion are presented to the Court", is denied on two grounds: First, for the reason that such motion was not consolidated with the original and supplementary motions as provided for in Rule 12(g) of the Fed.Rules Civ.Proc., 28 U.S.C.A.; and, second, because the motion is premature. At the present time there is no motion before the court requesting an order confirming the sale. Further, I am unable to find any law in this jurisdiction requiring the seller or the purchaser to have the sale confirmed.

Motion to rescind sale is also hereby denied for the reasons supra, and the motion of the plaintiff for an order releasing proceeds from the sale of the property sold under the execution is granted.