58 N.J. Super. 427 (1959)
156 A.2d 301
RONALD VAN HEEST, PLAINTIFF,
v.
GEORGE VEECH, DEFENDANT.
Superior Court of New Jersey, Passaic County Court, Law Division.
Decided December 2, 1959.
*429 Mr. August J. Hovorka, Jr., attorney for plaintiff.
Messrs. Emory, Langan, Lamb & Blake, attorneys for defendant (Mr. Joseph T. Ryan, appearing; Mr. Arthur J. Blake, of counsel).
KOLOVSKY, A.J.S.C.
Defendant has moved to dismiss the complaint in this personal injury negligence action on the ground that it was not filed within two years after the cause of action accrued, the period provided by the statute of limitations (N.J.S. 2A:14-2) for bringing such actions.
The cause of action accrued on December 21, 1955, when plaintiff, a passenger in an automobile driven by defendant, was injured, allegedly due to defendant's negligence. The complaint was not filed until April 2, 1959, three years, three months, twelve days thereafter. But the uncontradicted proofs submitted on this motion establish that during that period plaintiff was in the active military service of the United States for two years, from December 11, 1956 until December 10, 1958.
50 U.S.C.A. Appendix, § 525, § 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended and supplemented, provides:
"The period of military service shall not be included in computing any period now or hereafter limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 [Oct. 6, 1942] be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment."
The phrases, "persons in military service," "military service," "period of military service," and "court" as used in the quoted section are defined by 50 U.S.C.A. Appendix, § 511 to mean:
*430 "(1) The term `persons in military service' and the term `persons in the military service of the United States,' as used in this Act [sections 501-548 and 560-590 of this Appendix], shall include the following persons and no others: All members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy. The term `military service,' as used in this Act [said sections], shall signify Federal service on active duty with any branch of service heretofore referred to or mentioned as well as training or education under the supervision of the United States preliminary to induction into the military service. The terms `active service' or `active duty' shall include the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other lawful cause.
(2) The term `period of military service,' as used in this Act [said sections], shall include the time between the following dates: For persons in active service at the date of the approval of this Act [Oct. 17, 1940] it shall begin with the date of approval of this Act [Oct. 17, 1940]; for persons entering active service after the date of this Act [Oct. 17, 1940], with the date of entering active service. It shall terminate with the date of discharge from active service or death while in active service, but in no case later than the date when this Act [said sections] ceases to be in force.

* * * * * * * *
(4) The term `court,' as used in this Act [said sections], shall include any court of competent jurisdiction of the United States or of any State, whether or not a court of record."
And 50 U.S.C.A. Appendix, § 512(1) provides:
"The provisions of this Act [sections 501-548 and 560-590 of this Appendix] shall apply to the United States, the several States and Territories, the District of Columbia, and all territory subject to the jurisdiction of the United States, and to proceedings commenced in any court therein, and shall be enforced through the usual forms of procedure obtaining in such courts or under such regulations as may be by them prescribed."
Unless for some reason 50 U.S.C.A. Appendix, § 525 does not apply, it requires that the period of plaintiff's military service not be included in computing the two-year period limited by the New Jersey statute of limitations for the bringing of this personal injury action; hence, only one year, three months, and twelve days of the two-year statutory period had elapsed when the complaint was filed.
*431 Defendant argues that 50 U.S.C.A. Appendix, § 525 does not apply because there was no showing in this case that plaintiff's ability to institute the action was affected by his military service, defendant contending that the section does not apply in cases where prejudice is lacking, citing Fluhr v. Fluhr, 140 N.J. Eq. 131 (E. & A. 1947) and Radich v. Bloomberg, 140 N.J. Eq. 289 (E. & A. 1947). Neither of the cited cases support the argument made; neither involved 50 U.S.C.A. Appendix, § 525. Those cases arose under § 521 of that Title, which deals with applications for stays of proceedings and provides:
"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501-548 and 560-590 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." (Italics supplied.)
But § 525 involves no element of discretion; its purpose is merely to extend the time in which an action may be brought by or against a person in military service. A showing of prejudice to the person in military service is no part thereof; its provisions are mandatory and require a tolling of the statute of limitations during the period of military service. Trew v. Standard Supply & Hardware Co., 33 So.2d 426 (La. Ct. App. 1947); Warinner v. Nugent, 362 Mo. 233, 240 S.W.2d 941, 26 A.L.R.2d 278 (Sup. Ct. 1951).
Defendant further contends that if 50 U.S.C.A. Appendix, § 525 is held to apply in the absence of a showing of prejudice, it is unconstitutional and violates the Tenth Amendment to the United States Constitution which defendant says "reserve to the States the right to set limitations on private actions not based on Federal law." No authority is submitted in support of the argument made.
*432 On the contrary, the constitutionality of the section and its application to state statutes of limitations uniformly has been recognized. Annotation, "Limitation of Action  Armed Service," 26 A.L.R.2d 284; Blazejowski v. Stadnicki, 317 Mass. 352, 58 N.E.2d 164 (Sup. Jud. Ct. 1944); Erickson v. Macy, 231 N.Y. 36, 131 N.E. 744, 16 A.L.R. 1322 (Ct. App. 1921); Perkins v. Manning, 59 Ariz. 60, 122 P.2d 857 (Sup. Ct. 1942); Crawford v. Adams, 213 S.W.2d 721 (Tex. Ct. Civ. App. 1948).
The intent of the legislation embodied in 50 U.S.C.A. Appendix, § 525 and the other sections of the Soldiers' and Sailors' Civil Relief Act is to provide persons in military service with peace of mind so far as the cares and burdens of civil litigation are concerned, so that they may more successfully devote their energies to the military needs of the nation. Blazejowski v. Stadnicki, supra; Report of Committee on Military Affairs on Basic Act of October 17, 1940, House Report No. 3001, 76th Congress, 3d Session (50 U.S.C.A. Appendix, preceding section 501, p. 488). The constitutional basis for the legislation is found in Article I, § 8 of the United States Constitution, which granted to Congress the power "to raise and support armies," "to provide and maintain a navy," "to make rules for the government and regulation of the land and naval forces," and "to declare war."
In Blazejowski v. Stadnicki, above, 58 N.E.2d 164-166, Justice Wilkins said:
"The sole question is whether by reason of the Soldiers' and Sailors' Civil Relief Act of 1940 * * * as amended by the Act of October 6, 1942. c. 581, § 5, * * * 50 U.S.C.A. Appendix, § 525, the period of military service should be included in computing the time for bringing action under G.L. (Ter. Ed.) c. 260, § 4, as amended, which reads, `actions of tort for bodily injuries * * * the payment of judgments in which is required to be secured by chapter ninety * * * shall be commenced only within one year next after the cause of action accrues.' This is a statute of limitations. [Citing cases]
Section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940 reads: `The period of military service shall not be included in computing *433 any period * * * limited by any law * * * for the bringing of any action or proceeding in any court * * * by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action * * * shall have accrued prior to or during the period of such service.' * * * By section 102 the act supplies to State courts * * *.
The defendant rightly does not question the validity of the act of Congress or the Federal power to affect a State statute of limitations. [Citing cases]

* * * * * * * *
`The Act of 1940 was a substantial reenactment of that of 1918.' Boone v. Lightner, 319 U.S. 561, 565, 63 S.Ct. 1223, 1226, 87 L.Ed. 1587. * * * Consequently, judicial references to either relief act are equally pertinent to the present question. * * * it was said in Boone v. Lightner, 319 U.S. 561, 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587, `The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation.'

* * * * * * * *
In the light of the foregoing what is the effect of the Federal statute in the circumstances of this case? The language of section 205 of the 1940 act before it was amended in 1942 is identical with section 205 of the 1918 act. See Act of March 8, 1918, c. 20, 40 U.S. Sts. at Large, 443. The amendment of 1942 did not make any change in section 205 now material. There have been references to section 205 of the 1918 enactment in decisions of this and other courts. `That section merely provides that the period of military service shall not be included in the time limited by statutes for the bringing of actions.' Bell v. Buffinton, 244 Mass. 294, 295, 137 N.E. 287. The `meaning and purpose of section 205 was to extend the time in which an action could be brought by or against the person in military service, whenever any limitation had been, or was thereafter, fixed by any law, for the bringing of the action.' Clark v. Mechanics' American National Bank, 8 Cir., 282 F. 589, 591. `The purpose was to extend the time for bringing actions generally. * * * It was not the legislative intent that the remedial purpose of the act should be defeated by a narrow or technical construction of the language used. * * *."
Similarly, in Erickson v. Macy, 231 N.Y. 86, 131 N.E. 744, 745, 16 A.L.R. 1322 (N.Y. Ct. App. 1921), involving the 1918 act which was similar to the present law, Judge Chase said:
*434 "The enactment of that section [Soldiers' and Sailors' Civil Relief Act of 1918] by Congress was within its power. [Citing cases]
The laws of the United States, constitutionally enacted, are the laws of the individual states and of all the people of the United States. It was said by Chief Justice Marshall, in McCulloch v. State of Maryland, 4 Wheat. 316, 4 L.Ed. 579, that the nation on those subjects on which it can act must necessarily bind its component parts.
The United States Constitution, article 6, subdivision 2 declares:
`This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding.'
By said Civil Relief Act it is further expressly provided:
`The provisions of this act shall apply to the United States, the several states and territories, the District of Columbia, and all territory subject to the jurisdiction of the United States, and to proceedings commenced in any court therein, and shall be enforced through the usual forms of procedure obtaining in such courts or under such regulations as may be by them prescribed.' U.S. Compiled Statutes, Supplement 1919, § 3078-1/4aaa, p. 614.
The Code provision of this state prescribing the time within which an action can be brought on a promissory note after the cause of action accrues was by said Civil Relief Act modified and amended as if the federal statute had been enacted by the Legislature of this State and included as an amendment in our Code of Civil Procedure.
The federal statutes quoted do not affect the jurisdiction of the courts of this state or in any way prescribe or stay proceedings therein. They simply extend the time in which an action can be commenced against a person in military service by enacting that the period of military service `shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against' such person. * * *." (Italics supplied.)
Finally, and contrary to defendant's suggestion, neither the provisions of 50 U.S.C.A. Appendix, § 525 nor its constitutional basis limit the application of the section to military service in time of war. The existence or nonexistence of a state of war is of no moment. Congress may, of course, repeal or otherwise terminate the effectiveness of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C.A. *435 Appendix, § 464). Until it does, the period of military service to which § 525 applies in case of a person who, like plaintiff, entered active service after October 17, 1940, begins with the date of entering active service; it ends with the date of his discharge from active service (50 U.S.C.A. Appendix, § 511(2); 50 U.S.C.A. Appendix, § 464).
In view of the application of the federal act, it becomes unnecessary to consider whether the statute of limitations was not also tolled by N.J.S. 2A:14-26 which provides for such tolling during "the period of service, in time of war and 6 months thereafter of any person, in active service in any of the armed forces of the United States, or the women's auxiliary corps, the women's reserve of the naval reserve, or any similar organization authorized by the United States to serve with its armed forces * * *," and, in that connection, whether service from December 1956 to December 1958 was "service in time of war" within the meaning of N.J.S. 2A:14-26. See Feil v. Senisi, 7 N.J. Super. 517 (Law Div. 1950); N.J.S.A. 1:1-2a; Opinions of the Attorney General of New Jersey, F.O. 1956, No. 16 and F.O. 1953, No. 49.
Defendant's motion to dismiss is denied.