John D. BUDKE, Appellant,

v.

**KAISER–FRAZER COMPANY OF AN-CHORAGE, Appellee.**

No. 16354.

United States Court of Appeals Ninth Circuit.

Feb. 10, 1960.

————◆————

Bell, Sanders & Tallman, Bailey E. Bell, James K. Tallman, Anchorage, Alaska, for appellant.

Davis, Hughes & Thorsness, Edward V. Davis, Anchorage, Alaska, for appellee.

Before HAMLEY, JERTBERG and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge.

Before us is an appeal from an order entered December 10, 1958, by the District Court for the Territory (now State) of Alaska, Third Division. The district court ordered dismissed a certain order issued by that court directed to Northwest Auto Sales, Inc., an Alaska corporation, to show cause why a special execution should not be issued, and certain property situated at Anchorage, Alaska, should not be levied upon and ordered sold by the United States Marshal. Appellant's notice of appeal was filed with the clerk of this Court on December 18, 1958.

Jurisdiction of the district court was conferred by Title 48 U.S.C.A. § 101. Jurisdiction of this Court is based upon Title 28 U.S.C.A. §§ 1291 and 1294, prior to the amendments appearing in Public Law 85–508, 72 Stat. 339. For such amendments see Parker v. McCarrey, 9 Cir., 1959, 268 F.2d 907.

It appears from the record that on September 7, 1954 the Alaska Industrial Board made its decision and award, awarding appellant certain compensation against Kaiser-Frazer Company of Anchorage, an Alaska corporation. On October 11, 1954 said award was confirmed by the District Court for the Territory (now State) of Alaska, and judgment was entered against said corporation in favor of appellant for the sum of $7,200 plus other compensation for temporary disability, for medical, hospital and other treatment and care, the amounts of which have never been liquidated. This judgment was rendered in case No. A–10327, John D. Budke, petitioner v. Kaiser-Frazer Company of Anchorage, defendant. Appellant claims a lien by virtue of such judgment on certain real property situated in Anchorage, Alaska. The decision and order of the district court from which the appeal was taken was predicated in part upon the record in another case in the district court, No. A–9729, entitled First National Bank of Anchorage, a corporation, plaintiff v. Kaiser-Fraser of Anchorage, Inc., Audrey I. Cutting, United States of America, Terri-

tory of Alaska, and John D. Budke, defendants. That case was a mortgage foreclosure suit involving the property upon which the appellant claims the existence of the judgment lien. It further appears that Kaiser-Fraser Company of Anchorage acquired title to this property by purchase on January 8, 1952, and on April 20, 1953 said corporation mortgaged the property to the First National Bank of Anchorage, to secure the payment of the sum of $10,000. The debt secured by the mortgage was not paid, and the First National Bank of Anchorage, in cause No. A–9729, foreclosed such mortgage by decree of the court. Under and by virtue of such decree of foreclosure the property was purchased by the Northwest Auto Sales, Inc. The original papers in the foreclosure suit were never forwarded to this Court, and are not included in the record. A copy of the opinion of the district court, dated April 4, 1956 (139 F.Supp. 346), as rendered in the foreclosure suit, appears as an appendix to appellant's brief.

On November 21, 1957, appellant caused to be issued by the district court an execution on the judgment rendered in cause numbered A–10327, which was directed to the United States Marshal of the Territory of Alaska, commanding him to levy upon, seize and take into execution "the personal property of the said Kaiser-Frazer Company of Anchorage in your Division of said District sufficient, subject to execution, to satisfy said judgment, interest and increased interest, costs and increased costs, and make sale thereof according to law; and if sufficient personal property cannot be found, then you are further commanded to make the amount of said judgment, interest, and increased cost out of proceeds of the sale of Lot Four (4) in Block Nineteen (19) of the East Addition to the Original Townsite of Anchorage." The real property is the same real property as that involved in the foreclosure suit in cause No. A–9729. The United States Marshal executed the writ by delivering a copy thereof to an occupant of the property, and noticed the property for sale for the 24th day of February, 1958. In his return of the writ of execution the Marshal stated:

"Further, I received a copy of a Third-Party Claim, in the above-numbered cause, from North West Auto Sales, Inc., on the 4th day of February, 1958.

"Further, on the 5th day of February, 1958, I demanded from the Plaintiff a bond in double the value set by the Third-Party Claimant, and gave said Plaintiff reasonable time to produce said bond.

"Further, Plaintiff failed to produce such a bond; therefore, I cancelled the said Sale, and released said Execution."

Section 55–9–84, Alaska Compiled Laws Annotated 1949 in substance provides that if a third party by affidavit claims title to and states the value of the property levied on under execution the marshal may release the levy unless the plaintiff on demand indemnifies the marshal by bond of two sureties qualifying in double the amount the value of the property. The marshal may retain possession for a reasonable time to demand such indemnity.

On November 7, 1958, appellant moved the district court for an order to be directed to Northwest Auto Sales, Inc., to show cause why a special execution should not be issued and why the real property above described should not be levied upon and ordered sold. In the affidavit in support of the motion for an order to show cause counsel for appellant stated that after the service upon the marshal of the third party claim the marshal refused to sell the property unless the appellant would put up a bond in double the value of the property set by the third party claimant, which would have required a bond in the amount of $30,000, and that because the appellant was unable to raise the bond the marshal had released the levy and refused to continue the sale. In the same affidavit "Affiant further states that in affiant's opinion it will be necessary to bring an

action to litigate the priority of the claims [relating to the real property hereinbefore described] at some future time as between John D. Budke [appellant] and Northwest Auto Sales, Inc. * * *" The district court issued the order to show cause, and Northwest Auto Sales, Inc. filed its return to such order. Following the hearing on the order to show cause the district court dismissed the same.

▮▮▮▮ We have reached the conclusion that the appeal must be dismissed by this Court of its own motion for the reason that the order appealed from is not a "final decision" within the meaning of Section 1291 of Title 28 U.S.C.A. That section and Section 1294, Title 28 U.S.C.A., as they stood prior to the amendments appearing in Public Law 85–508, 72 Stat. 348, granted to this Court jurisdiction on appeals from final decisions of the district court for the Territory of Alaska.

Despite the fact that the appellee has not moved to dismiss the appeal, it is nevertheless encumbent upon us to ascertain whether the order of the district court is final and appealable. Lee v. Porcelain Patch & Glaze Corporation, 5 Cir., 1957, 240 F.2d 763. In Segundo v. United States of America, 9 Cir., 1955, 221 F.2d 296, at page 298, this Court stated, "By statute [Title 28 U.S.C.A. § 1291] United States Courts of Appeals will, in most instances, refuse to entertain an appeal from any non-definitive judgment. Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528." As stated in Arnold v. U. S. for Use of W. B. Guimarin & Co., 263 U.S. 427, at page 434, 44 S.Ct. 144, at page 147, 68 L.Ed. 371:

"It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. [Hamburg-American] Packet Co., 148 U. S. 262, 264 [13 S.Ct. 590, 37 L.Ed. 443]; Collins v. Miller, 252 U.S. 364, 370 [40 S.Ct. 347, 64 L.Ed. 616]; Oneida Navigation Corporation v. [W. & S.] Job, [& Co.] 252 U.S. 521, 552 [40 S.Ct. 357, 64 L.Ed. 697]; and cases therein cited."

See also Clinton Foods, Inc. v. United States, 4 Cir., 1951, 188 F.2d 289, certiorari denied 342 U.S. 825, 72 S.Ct. 45, 96 L.Ed. 624; Gillespie v. Schram, 6 Cir., 1939, 108 F.2d 39.

Northwest Auto Sales, Inc. is not a party to cause number A–10327, from which cause appellant claims a judgment lien on property the possession and ownership of which is claimed by Northwest Auto Sales, Inc. The order of the district court from which the appeal has been taken settled nothing between appellant and Northwest Auto Sales, Inc. as to their conflicting claims to the property. No reason has been called to our attention which would preclude appellant from again seeking a writ of execution against any property belonging to appellee. Even if the district court had ordered the issuance of the writ of special execution and the property had been sold under such writ, such sale would not have settled the conflicting claims to such property. Another action to which the claimants are parties would be required to determine the validity and priority of the conflicting claims to the property, a fact which appellant recognizes as shown in the affidavit above mentioned. As a matter of fact, it appears from the brief of appellee and from statements made by counsel for the appellant in the oral argument that another action is pending in the district court—cause numbered A–15271, commenced by Northwest Auto Sales, Inc. and others as plaintiffs, against appellant as defendant, and which cause is at issue. It appears that the validity and priority, if any, of appel-

**220**

lant's claimed judgment lien can and will be determined in such action.

The appeal must be and is dismissed for want of jurisdiction of this Court to entertain it, for the reasons hereinabove set forth.