**PACIFIC INSURANCE ASSOCIATES, LTD., Appellee**

v.

**FASHIONS, INC. and CAROL WEBB, Appellants**

Civil No. 13-A

District Court of Guam

Appellate Division

February 19, 1960

*Counsel for Appellee:*       W. Scott Barrett, Esq.
*Counsel for Appellants:*     Finton J. Phelan, Jr., Esq.

Before GILMARTIN, *Presiding Judge;* FURBER, *Chief Justice,* High Court of the Trust Territory of the Pacific Islands and MANIBUSAN, *Chief Judge,* Island Court of Guam

PER CURIAM

OPINION

This is an appeal in an action for unlawful detainer under Sections 1159 to 1179a of the Guam Code of Civil Procedure. The plaintiff alleged it was the lessor in a sublease agreement assigned to the defendant Fashions, Inc.; that the defendant Carol Webb was an officer of her co-defendant; that there was default in the payment of rent due under the sublease and failure to perform a covenant in the lease requiring that the premises be insured with the plaintiff. The defendant Carol Webb filed a motion to dismiss the complaint as to her on the ground, in substance, that it failed to state a cause of action against her. The defendant Fashions, Inc. filed an answer, first counterclaim, second counterclaim, and cross-complaint. The Island Court denied defendant Carol Webb's motion to dismiss and, on motion of the plaintiff, dismissed defendant Fashions, Inc's. counterclaims and cross-complaint in advance of trial. The appellants filed a notice of appeal from the order covering these matters, but in spite of this the Island Court

proceeded with the trial on the date set for it. The defendants took no part in the trial, although duly notified of the time for it. The Island Court then entered judgment awarding the plaintiff possession, treble rents and damages against both defendants, forfeiture of the sublease, and costs. The defendants filed a new notice of appeal from this judgment.

We believe that the first notice of appeal was premature since the order attempted to be appealed from was not a "final" judgment or order within the meaning of that word with regard to appeals. The question is well settled, as stated in *Arnold v. Guimarin & Co.*, 263 U.S. 427, at page 434:

> "It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. *Hohorst v. Packet Co.*, 148 U.S. 262, 264; *Collins v. Miller*, 252 U.S. 364, 370; *Oneida Navigation Corporation v. Job*, 252 U.S. 521, 552, and cases therein cited."

See also 2 Am.Jur., Appeal and Error, Secs. 17 and 21; *Budke v. Kaiser-Frazer Co.* (1960), 275 F.2d 217. The Island Court was therefore justified in proceeding with the case, but the issues attempted to be raised by the first notice are still open under the notice of appeal from the judgment.

The Island Court clearly erred, however, in not granting defendant Carol Webb's motion to dismiss the complaint as against her and in rendering judgment against her. We cannot see how the complaint can properly be construed as setting forth any cause of action against her personally.

■ We agree with the appellee's basic contention that in an unlawful detainer proceeding the defendant is not entitled to claim any affirmative relief, either by counterclaim or by cross-complaint, and that Section 442 of the Guam Code of Civil Procedure does not apply in unlawful detainer cases in view of the provisions of Section 1170 of the Guam Code of Civil Procedure with regard to this particular type of proceeding. It was the obvious intent of the Legislature that this type of proceeding shall be summarily disposed of separate from other controversies between the parties, as is the usual practice under similar legislation in the United States. *Arnold v. Krigbaum* (1915), 169 Cal. 143; 22 Am.Jur., Forcible Entry and Detainer, Sec. 42, note 20.

■ We are firmly of the opinion, however, that Section 475 of the Guam Code of Civil Procedure does apply in unlawful detainer cases and that the Court, in accordance with that section, must disregard errors in the pleadings which do not affect the substantial rights of the parties. While defendant Fashions, Inc's. counterclaims and cross-complaint brought in many extraneous matters, the second counterclaim and the cross-complaint both clearly brought to the attention of the Court that the defendant claimed to have been evicted by the plaintiff from portions of the subleased property. This matter would have been more properly pleaded as a defense in the answer itself and the trial court might well have required the defendant Fashions, Inc., to amend its answer to include this matter. We fully concur with the appellee and the trial court that a proceeding for unlawful detainer is not a proper place to consider the general matter of balancing equities between the parties or granting an accounting or exploring any matters not directly connected with the question of whether the defendant's possession is unlawful. We think the court below erred, however, in entirely dismissing the second counterclaim

and the cross-complaint without preserving in some manner the defendant's right to be heard on this issue of partial eviction and that disregarding technicalities, as required by Section 475 of the Code, the Island Court should have allowed any defense such as this, whether legal or equitable, going to the very question of whether the defendant's possession was unlawful, to be fully explored at the trial. *Schubert v. Lowe* (1924), 193 Cal. 291; *Simon Newman Co. v. Lassing* (1903), 141 Cal. 174.

If the defendant is able to show that it was actually evicted from any substantial part of the leased premises, this would, in our opinion, bar the plaintiff's right to the rent and other benefits stipulated in the sublease and bar its right to relief through the summary procedure of unlawful detainer. The lessee would, in such a situation, still have the right, if it so elected, to remain in possession of the part of the premises from which it had not been evicted, but its obligation to pay for the use and occupation of such part of the premises as it retained would depend upon quantum meruit. The defendant should not be expected, at its peril, to estimate the exact amount due under pain of possible further eviction through a proceeding for unlawful detainer. *Skaggs v. Emerson* (1875), 50 Cal. 3.

Because of the errors set forth above, this Court does not feel it necessary to comment upon the other matters raised in this appeal.

In accordance with the order of this Court, in aid of its appellate jurisdiction, the defendants have paid into the Registry of the District Court of Guam substantial sums of money to secure the plaintiff's right to payment of rent, if due, or in quantum meruit for use and occupation of the premises. From all indications, even if the appellant's claims are correct, at least a substantial part of the monies on deposit is due the plaintiff. We believe that an attempt should be made to determine summarily what part of

57

this is clearly due the plaintiff and that such amount should be released to it and only a sufficient amount retained in the Registry of the Court to protect the rights of the defendant Fashions, Inc.

The judgment of the Island Court, and so much of its order of February 6, 1958 as relates to the defendant Carol Webb, and to the second counterclaim and the cross-complaint, are hereby set aside. The funds now held in this action in the Registry of the District Court of Guam are ordered transferred to the Registry of the Island Court of Guam and this action is remanded to the Island Court with the following instructions:

A. To enter judgment dismissing the complaint as against the defendant Carol Webb with costs.

B. To grant the remaining parties in the action an opportunity for a summary hearing, in advance of trial, as to the amount of the funds now in the Registry of the Court which can fairly and safely be released to the plaintiff and, at the same time, retain sufficient funds to protect the defendant from overpayment of whatever amounts may be found due in quantum meruit if defendant's contentions as to eviction from part of the premises are ultimately sustained.

C. To grant the defendant Fashions, Inc., a new trial in accordance with the foregoing opinion.

Due to his retirement, Judge Manibusan has taken no part in this opinion.