## Plymale v. Pittsburgh Railways Co.

*P. J. McArdle*, for plaintiff.
*Earl W. Brieger*, for defendant.

LEGNARD, J., November 1, 1962.—This is an action in trespass for personal injuries arising out of an accident which occurred on December 27, 1958. Plaintiff filed his complaint on October 26, 1961, two years and ten months after the accident.

Defendant filed an answer wherein it pleaded, under new matter, that the statute of limitations completely barred plaintiff's claim. To this allegation, plaintiff filed an answer to new matter denying that the action was barred in that plaintiff was a member of the United States Army from August 21, 1958, until August 7, 1961. Defendant has filed a motion for judgment on the pleadings.

The question now before the court is whether the statute of limitations in personal injury cases is tolled as to a member of the United States Army during the term of his military service.

The Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34, provides that actions to recover damages must be brought within two years from the date of the injury.

While it is true that Pennsylvania law contains no saving provision for people in the military service, the Congress of the United States, in 1940, enacted the Soldiers' and Sailors' Civil Relief Act which provides, in section 205:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any

action or proceeding in any court, board, bureau, commission, department, or other agency of government *by or against any person in military service* or by or against his heirs, executors, administrators, or assigns, whether such cause of action or proceeding shall have accrued prior to or during the period of such service . . .": 50 U. S. C. A. Appendix 525, October 17, 1940, c. 888, §205, 54 Stat. 1181; Oct. 6, 1942, c. §5, 56 Stat. 770. (Italics supplied.)

This statute has been interpreted numerous times in actions brought against servicemen and the courts have continually applied it: Zitomer v. Holdsworth, 178 F. Supp. 504 (1959); Estate of Wolf v. Commissioner of Internal Revenue, 264 F. 2d 82 (1959); cases cited in 26 A. L. R. 2d 284-296.

The Zitomer and Wolf cases have held that the Federal statute in this matter supersedes the Pennsylvania law so that the latter must yield. There is no question but that the application of the Federal statute is mandatory and not up to the court's discretion. The sections of the Federal statute involving the court's discretion, which have been cited in defendant's brief, are those sections which deal with the staying of proceedings which have been instituted prior to the party's entering military service; hence, they do not apply.

The Soldiers' and Sailors' Civil Relief Act is absolutely clear that the statute of limitations is tolled in actions brought not only *against* persons in the military service, but also brought *by* such persons.

The New Jersey case of Van Heest v. Veech, 58 N. J. Super. 427, 156 A. 2d 301 (1959), is a case directly in point with the case at hand. In that case, plaintiff, who had been in the military service, brought his action for personal injuries some 39 months after the cause of action arose. The statute of limitations was two years. The New Jersey Court applied the Soldiers' and Sailors' Civil Relief Act and held that plaintiff was

not barred. The court said that the act, which allowed no discretion with the court, had a very clear purpose, that being merely to extend the time in which an action could be brought *by or against* people in the military service.

In view of the Soldiers' and Sailors' Civil Relief Act, the court here has no alternative but to dismiss defendant's motion for judgment on the pleadings, and defendant will be directed to file an appropriate answer to plaintiff's complaint.

### Order

And now, November 1, 1962, it is ordered that the motion of defendant, Pittsburgh Railways Company, for judgment on the pleadings, be and the same is hereby dismissed, and defendant is hereby ordered to file an answer to the complaint within 20 days from date of this order.