[Civ. Nos. 13999, 14000.   First Dist., Div. Two.   Jan. 13, 1949.]

EDWARD L. THORNLEY, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

A. J. Zirpoli for Petitioner.

Fred N. Howser, Attorney General, Charles W. Johnson and William L. Shaw, Deputy Attorneys General, for Respondent.

NOURSE, P. J.—The two petitions present the same issue. Two actions were filed for the collection of contributions under the Unemployment Insurance Act [Stats. 1935, p. 1226, as amended; 3 Deering's Gen. Laws, Act 8780d]—one in June, 1942, the other in February, 1943. Summons in each case was served February 24, 1948. Petitioner moved to dismiss both actions on the grounds mentioned in section 581a of the Code of Civil Procedure. These motions were denied for the reason that petitioner had been in the armed services for a greater portion of the period between the time of filing the complaint and the service of summons.

The question for decision is whether sections 521 and 525 of the Soldiers' and Sailors' Civil Relief Act of 1940, title 50 U.S.C.A. [54 Stats. 1181] relieve the plaintiff in a civil

suit from compliance with section 581a of the Code of Civil Procedure when the defendant is in the armed services. Sections 521 and 525 read:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 [Oct. 6, 1942] be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment." Our conclusion is that the federal act does not suspend operation of the code section.

Section 521 is manifestly a statute for the benefit of the party who is in military service and grants no privileges to his adversary. *Royster* v. *Lederle,* 128 F.2d 197, 199; *Johnson* v. *Johnson,* 59 Cal.App.2d 375, 382 [139 P.2d 33].

Section 581a is a positive and mandatory statute. It declares that an action must be dismissed if summons is not served within three years after the commencement of the action. There is nothing in section 525 of the federal act which purports to suspend this mandatory requirement of service.

Respondent argues that the word "proceeding" in section 525 of the federal act should be construed as applying to the service of summons or any other procedural step taken in the prosecution of the action. This is not sound. The section reads, "the bringing of any action or proceeding . . . to institute such action or proceeding." The word "proceeding" is

used in its well known and accepted sense as designating a form of action somewhat different from the common action initiated by a complaint—such as a proceeding in mandamus, prohibition or certiorari, or proceedings in probate, or those for special relief.

We cannot escape the conclusion that the federal act was enacted for the benefit of one in the military services and that it is not available beyond its express terms to his adversary to excuse his noncompliance with the mandatory provisions of the state statute.

Let a peremptory writ issue in each case.

Goodell, J., and Dooling, J., concurred.