Dale WORLOW, Appellant,

v.

MISSISSIPPI RIVER FUEL CORPORATION, Respondent.

No. 54289.

Supreme Court of Missouri,

Division No. 2.

Sept. 8, 1969.

Robert B. Baker, Ellington, for appellant.

Wilburn A. Duncan, Anthony F. Vaiana, St. Louis, Mo., for respondent.

BARRETT, Commissioner.

Except for the all but total insufficiency of the record this appeal would present the problem of whether the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C.A. App. Secs. 501–585) is applicable to that part of the action for wrongful death, (RSMo 1959 Supp. Sec. 537.080, V.A.M.S.) which provides "that if any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit, * * * *such plaintiff may commence a new action from time to time within one year after such nonsuit suffered.*" RSMo Supp. § 537.100, V.A.M.S.

The record here reveals the following facts: On February 18, 1964, Edith Lois Johnson was killed when the automobile she was driving on Highway 67 collided with one of the defendant's motor vehicles traveling in the opposite direction—due, allegedly, to the negligence of the defendant's employee. The plaintiff, Dale Worlow, was the sole surviving minor child of Lois and since she had no husband Dale duly instituted an action for her wrongful death. That action, according to the allegations of his present petition, "was dismissed without prejudice and that his *case is brought within one year after dismissal.*" The first action, according to the judge, was dismissed on February 2, 1967, and the present suit was instituted on February 6, 1968. In response to the petition, on March 15, 1968, the defendant filed a motion to dismiss on the ground "that the cause of action alleged in said petition did not accrue within one year before the commencement of this action, *nor is this action commenced within one year after plaintiff suffered nonsuit, and* said alleged cause of action *is barred by limitation.*" On the 22nd day of March, 1968, plaintiff's counsel filed an "application for stay of proceedings" alleging that plaintiff, Dale, "has been in the Military Service of the United States * * * for more than one year prior to the commencement of the above action, and is still in such service," and that by reason of his military service and by reason of the Soldiers' and Sailors' Relief Act "is entitled to a stay of proceedings." The next entry on April 4, 1968, is the court's order which took "judicial notice of another file" of the case of Worlow v. Mississippi River Fuel Corporation dismissed on February 2, 1967. And then the order recites: "Defendant's Motion to Dismiss sustained and cause dismissed with

prejudice at plaintiff's costs. *Plaintiff's application for stay of proceedings denied."* Plaintiff then filed a motion for new trial in which, material here, he alleged that the court erred "in not allowing plaintiff a reasonable opportunity to present his evidence in support of his Application for Stay of Proceedings and in opposition to Defendant's Motion to Dismiss." Upon the overruling of his motion the plaintiff has appealed and this in substance is the entire record.

Upon appeal plaintiff now urges that the court erred in dismissing his petition "on the grounds that the statute of limitations with regard to wrongful death actions had run" because Section 525 of the Soldiers' and Sailors' Relief Act "tolls the running of said statute of limitations." In response, citing only Van Doeren v. Pelt, Mo.App., 184 S.W.2d 744 and Section 521 of the Soldiers' and Sailors' Relief Act, the respondent says that the grant or denial of the application to stay was in the court's sound discretion. In addition, respondent urges that "the record is void of any evidence that appellant was engaged in the military service" so as to come within the provisions of the act. In support of the latter contention respondent implies that Dale's military service could only be shown by a certificate from the Adjutant General of the Army or in his case the Chief of Navy Personnel. But that section provides that the certificate "shall when produced be prima facie evidence as to any of the following facts stated in such certificate: That a person named has not been, or is, or has been in military service"; etc., 50 U.S.C.A. App. Sec. 581.

Thus haphazardly the cause has arrived here and the parties continue to argue separate cases, they are certainly not at one as to the determinative issue. In the beginning appellant's motion to stay the proceedings under Section 521 of the Soldiers' and Sailors' Civil Relief Act was not the appropriate response to defendant's answer. It was certainly not the appropriate manner in which to raise and present the problem now argued—the tolling of the provision as to the commencement of an action within one year after suffering a nonsuit. Section 521 has to do with the stay of an action by or against a person in the military service, unquestionably "in the discretion of the court." In addition to Van Doeren v. Pelt see also Lindsey v. Williams, Mo., 260 S.W. 2d 472; Orrick v. Orrick, Mo.App., 269 S.W.2d 153, and Salzwedel v. Vassil, Mo. App., 351 S.W.2d 829. But this section has nothing to with whether the period of military service "shall not be included in computing any period now or hereafter to be limited by any law * * * for the bringing of any action or proceeding in any court * * * by or against any person in military service * * * whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service." 50 U.S.C.A. App. Sec. 525. As stated, appellant at least in part filed an inappropriate motion but it could well be treated as a reply or response to the defendant's motion to dismiss. The appropriate subject matter was imperfectly stated in the motion for new trial and the determinative question is presented for the first time in this court. Nevertheless, inherent in even this meager record is the obvious problem of whether plaintiff's cause of action was timely filed within the meaning of Section 525—the only possible purpose of staying the cause would be to determine that issue. And, unfortunately, there was no hearing and hence there is no factual basis upon which the matter may be determined.

The Soldiers' and Sailors' Civil Relief Act, Section 525, tolls statutes of limitations during the period of military service. Warinner v. Nugent, 362 Mo. 233, 240 S. W.2d 941, annotated 26 A.L.R.2d 284. Section 525, unlike Section 521, "involves no element of discretion; its purpose is merely to extend the time in which an action may be brought by or against a person in military service. A showing of prejudice to the person in military service is no part

thereof; its provisions are mandatory and require a tolling of the statute of limitations during the period of military service." Van Heest v. Veech, 58 N.J.Super. 427, 156 A.2d 301, 303; Wolf v. C. I. R., 3 Cir., 264 F.2d 82, 87. Section 525 applies not only to so-called statutes of limitation but since World War I has been held "to apply to a statute creating a right of action which did not exist independently of the statute, and where the time for bringing such an action is limited by the statute." By way of illustration the court in 1922 said: "Congress could not have intended, in the liberal provisions made for the benefit of persons in military service, that an extension of time should be granted in suits upon ordinary contracts, but should be denied *if a soldier, as next of kin, had a statutory right to recover for the negligence of some one in causing a death,* even though the statute required such action to be brought within a limited period." Clark v. Mechanics' American Nat. Bank, 8 Cir., 282 F. 589, 591. And in Stutz v. Guardian Cab Corp., 273 App. Div. 4, 74 N.Y.S.2d 818, an action for the wrongful death of plaintiff's intestate, it was held that Section 525 applied "and that *these statutes serve to toll the statute of* limitations with respect to the cause of action for wrongful death during the time of his military service. The Soldiers' and Sailors' Civil Relief Acts 'were intended to modify not only those statutes properly called statutes of limitations, by which times are fixed for the bringing of actions, but statutes creating a right of action which did not exist independently of the statute where the time for bringing such an action is limited in some way or a condition precedent is imposed by statute.'" In Halle v. Cavanaugh, 79 N.H. 418, 111 A. 76, a trial court abated a negligence action upon the death of the plaintiff, her husband in the military service having two terms of court in which to continue the suit. The court held that the act applied, "that the husband had two full terms of court after the death of his wife, and exclusive of the time he was in the service in which to appear as an individual and assume the prosecution of

this suit." No cases involving nonsuit statutes have been found but if the statute applies in the indicated instances by the same token it is applicable to the statute involved in this action.

This is not to indicate how this particular case should be decided or what proof should be offered on the applicability or inapplicability of the statute. It is to say, however, if the fact of military service during the period is made to appear that Section 525 would govern. As indicated at the outset the difficulty with this appeal is the condition of the record. The affidavit and application of appellant's counsel does not prove itself but upon the hearing of the cause respondent did not object on the ground of the procedure followed or from all that appears it did not complain of lack of factual support. In a Kentucky case involving Section 521 whether the court abused its discretion was determined upon the affidavit of counsel. Smith v. Sanders, 293 Ky. 6, 168 S.W.2d 359. It is not necessary here to consider the burden of proof upon the issue, each case depends on its particular facts, the act being liberally construed to carry out its purposes. Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L. Ed. 1587, 34 Am.Jur. (Limitations of Actions) Sec. 245, p. 201. Repeating, the problem is that the decisive issue is not determinable upon this meager record and to that end and for that purpose the cause is reversed and the cause remanded for a hearing and finding of the issue. Graves v. Bednar, 167 Neb. 847, 95 N.W.2d 123, and its annotation 75 A.L.R.2d 1062; Wolf v. C. I. R., 264 F.2d 1. c. 88.

STOCKARD, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.