Betty Lou LUDWIG, et al., Appellants,

v.

Helen Marie ANSPAUGH, et al.,
Respondents.

No. 71846.

Supreme Court of Missouri,
En Banc.

March 13, 1990.

Thomas E. Barzee, Jr., S. Preston Williams, North Kansas City, Daniel M. Czamanske, Kansas City, for appellants.

Jerome E. Brant, Nancy A. Norton, Liberty, for respondents.

HIGGINS, Judge.

This case, on transfer from the Court of Appeals, Western District, presents whether the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App., section 525, serves to toll the limitation of section 473.083.6, RSMo, on perfecting a timely-filed will contest. The trial court dismissed the will contest; the court of appeals affirmed. Reversed and remanded.

Lou G. Roberts executed a will July 15, 1985; she died November 10, 1986. On November 21, Letters Testamentary issued to Helen Anspaugh and her husband, Marvin Anspaugh. On January 22, 1987, four of her children, Willis Barber, George Barber, Glen Barber, and Betty Ludwig, timely petitioned to contest the will, naming as defendants the remaining three children, Donald Whitaker, Helen Anspaugh, and Richard Whitaker. Because Shelley Anspaugh Buchanan, daughter of Helen and Marvin Anspaugh, was a legatee in the will and thus a necessary party, the plaintiffs added her as a party defendant by amended petition filed April 7, 1987. Shelley was in military service and unavailable for service of process. Upon motion of plaintiffs, the circuit court appointed a guardian ad litem for Shelley; the guardian was served April 15, 1987. On May 5, 1988, the defendants filed a motion to dismiss, alleging the court lacked jurisdiction because the appointment of the guardian ad litem for Shelley was improper and therefore lawful service on Shelley had not been accomplished within the ninety days required by section 473.083.6.

Appellants Ludwig, et al., contend, among other things, that the trial court

erred in sustaining defendants' motion to dismiss because the Soldiers' and Sailors' Civil Relief Act tolled the running of the time periods of section 473.083, RSMo 1986.

Respondents Anspaughs, et al., contend the trial court correctly dismissed the petition to contest the will because the Act does not serve to toll the six-month time period to contest a will under section 473.-083, RSMo 1986, and does not toll limitations for service of process after suit has been commenced.

■ Section 473.083.6 provides "[i]f service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant duly served ... in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed...." This specific provision is given effect over the general terms of section 472.300(2) concerning the appointment of a guardian ad litem when an interested party's address is unknown. O'Flaherty v. State Tax Commission, 680 S.W.2d 153, 154 (Mo. banc 1984).

■ Nevertheless, section 525 of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App., provides:

The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 [Oct. 6, 1942] be included in computing any period now or hereafter provided by any law for the redemption of real property sold or for-

feited to enforce any obligation, tax, or assessment. [Emphasis added.]

This section is to be "liberally construed to carry out its purposes," *Worlow v. Mississippi River Fuel Corp.*, 444 S.W.2d 461, 464 (Mo.1969), and so construed, Shelley's military service provides the requisite excusing cause for plaintiffs' inability to secure and complete service on her. As amplified in *Ricard v. Birch*, 529 F.2d 214 (4th Cir.1975), its purpose is not only to protect the rights of citizens serving in the armed forces but also those of persons having causes of action against persons in military service. In *Ricard*, the defendant, a member of the United States Marine Corps, argued that plaintiff, the administratrix of her deceased son's estate, had waived her right to set up the tolling provision of the Act because she brought suit while the defendant was still a member of the armed forces. The court said:

> This argument, however, overlooks the parallel purpose of the Act to protect the rights of individuals having causes of action against members of the armed forces.... A party on active duty in the armed forces is entitled to a stay of proceedings if his service materially affects his ability to prosecute or defend the action ..., but there is no immunity from suit. The tolling statute is unconditional. The only critical factor is military service; once that circumstance is shown, the period of limitations is automatically tolled for the duration of the service, though an adverse plaintiff may file sooner if service of process may be had.

*Ricard*, 529 F.2d at 216–217.[1]

■ Respondents argue the words "any period ... limited by any law ... for the bringing of any action or proceeding" mean only that the Act tolls statutes of limitations for the purpose of filing an action and not for the purpose of obtaining service of process in perfection of the suit after it has been timely filed. They contend the filing of the petition removed the plaintiffs from the range of the Act, so that as appellants they can no longer argue they are entitled

to its protection. This argument ignores the parallel application of *Ricard* and would engraft unintended limits on the specific language and protections intended by the provisions of the Act. *Ricard*, 529 F.2d at 216.

■ The language of the Act, "any period ... to be limited," liberally construed, *Worlow*, 444 S.W.2d at 464, encompasses the requirement of section 473.083.6 that a petitioner secure service of process on all parties defendant within ninety days of filing the petition. Missouri's policy has worked to further the prompt settling of estates and to expedite the prosecution of will contests. *Shaffer v. Cochenour*, 569 S.W.2d 320, 323 (Mo.App.1978). If a contestant fails to file the petition and complete service on all necessary parties within the statutory time limits the trial court may, upon motion, dismiss the suit unless the contestant shows good cause for failure to serve the defendants. *Doran v. Wurth*, 475 S.W.2d 49 (Mo.1971). This salutary policy must give way, however, to the mandatory tolling provisions made by Congress in section 525 of the Act. If the inability to serve process on Shelley continues, the completion of the estate must be suspended during the period of her military tenure. Because of the application of the Act, the plaintiffs cannot be deprived of the statutory right to contest their mother's will.

■ Respondents argue that section 525 of the Act does not apply to a will contest because section 473.083.6 is not a statute of limitations in the usual sense but is a special statute applicable solely to the contest of a will and is more in the nature of a statute granting jurisdiction than a statute of limitations. In *Worlow*, 444 S.W.2d at 464, this Court held that 50 U.S.C.App., section 525, applies "to a statute creating a right of action which did not exist independently of the statute, and where the time for bringing such an action is limited by the statute" (*quoting Clark v. Mechanics' American Nat. Bank*, 282 F. 589, 590 (8th Cir.1922)). *Worlow* considered whether the Act's tolling provision was applicable in computing the one-year period within which

1. Compare the restrictive construction imposed by a California court in *Thornley v. Superior* Court, 89 Cal.App.2d 662, 201 P.2d 567 (1949).

to commence a wrongful death action after a nonsuit, holding that the tolling provision of the Act did apply. The language, "any action," of section 525 of the Act mandates its application to a statutory right of action, including a will contest, as well as to an action at common law.

■ The trial court erred in dismissing the will contest on the ground a necessary party had not been timely served. The necessary party was a member of the armed forces and absent proper service on that party, or waiver of service or entry of appearance by that party, the ninety-day period is tolled while the necessary party is on active duty in the armed forces. *Ricard*, 529 F.2d at 217.

Because of the mandated effect and application of the Soldiers' and Sailors' Civil Relief Act, the judgment of dismissal is reversed and the cause is remanded with directions to reinstate plaintiffs' petition.

BLACKMAR, C.J., and RENDLEN and BILLINGS, JJ., concur.

HOLSTEIN, J., dissents in separate opinion filed.

ROBERTSON and COVINGTON, JJ., dissent and concur in dissenting opinion of HOLSTEIN, J.

HOLSTEIN, Judge, dissenting.

I respectfully dissent. I have no argument with the propositions that the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.App., section 525, tolls statutes of limitations in causes of action by or against military personnel and that members of the military, as well as persons having claims against persons in the military, may claim the benefit of the act. My complaint is that after a lawsuit is commenced the tolling provisions should not apply to time limits on completing procedural requirements.

The time limits in § 473.083, RSMo 1986, are of two types. In one respect the statute is a statute of limitations requiring that the will contest be filed within six months after publication of letters on the decedent's estate. Section 473.083.1. In another respect, it is service of summons statute requiring service of process on all necessary parties within ninety days after the action is commenced. Section 473.083.6. Service of summons is merely a procedural step in the prosecution of the action.

Serving summons is not "the bringing of [an] action or proceeding." The words in the act should be construed according to their plain and ordinary meaning. *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). The tolling provisions of the Soldiers' and Sailors' Civil Relief Act only apply to the bringing of actions and proceedings and not to service of summons or other procedural steps required to be taken during prosecution of an action. *Thornley v. Superior Court*, 89 Cal.App.2d 662, 663, 201 P.2d 567, 568 (1949).

A plaintiff should not be permitted to file an action and thereafter claim the benefit of the Soldiers' and Sailors' Civil Relief Act when he fails to timely comply with a procedural requirement. I would hold that plaintiffs' rights under the tolling provisions of the act are fixed when the action is filed; if he thereafter fails to timely comply with procedural requirements, he does so at his peril. I would affirm.