STATE of Missouri ex rel. ESTATE OF Marvin J. PERRY, by Paul E. PERRY, Relator.

In the Estate of Marvin J. Perry, Deceased, Paul E. Perry, Appellant,

v.

The Honorable Ellen S. Roper, Circuit Judge, 13th Judicial Circuit, John S. Perry, and Allan L. Perry, Respondents.

Nos. WD 64594, WD 64654.

Missouri Court of Appeals, Western District.

May 24, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 2005.

Application for Transfer Denied Aug. 30, 2005.

Paul A. Seigfried, Mexico, MO, for relator and appellant.

Scott O. Marshall, St. Louis, MO, for respondents.

Before JOSEPH M. ELLIS, Presiding Judge, PAUL M. SPINDEN, Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Judge.

Paul E. Perry filed a petition for writ of certiorari in this court, as well as an appeal, seeking review of an order of the Probate Division of the Circuit Court of Boone County denying his petition for

presentment of the will of his deceased father and his application for letters testamentary. Our writ of certiorari issued, and the writ and the appeal were subsequently consolidated. For the following reasons, we now quash our writ of certiorari and on the appeal reverse and remand for further proceedings.

On July 25, 2003, Marvin J. Perry (the decedent) died. Subsequently, on September 9, 2004, Paul E. Perry (Perry), the decedent's son, sought to enter a self-proving will executed by the decedent into probate by filing a Petition for Presentment of Instrument and an Application for Letters Testamentary in the Probate Division of the Circuit Court of Boone County.[1] In both pleadings, Perry affirmatively pled that the statute of limitations applicable to presentment and to letters testamentary had been tolled by his active duty service in the military pursuant to 50 U.S.C. app. § 526 of the Servicemembers' Civil Relief Act, 50 U.S.C. app. § 501 et seq.[2] Perry averred that he had been serving on active duty in the U.S. Army from January 8, 2003, to July 13, 2004.

On September 10, 2004, the day after the petition and application were filed, the probate judge entered her order denying Perry's Petition and Application, stating: "Petition for Probate of Will and Application for Letters Testamentary are denied, the Court finding more than one year has passed since the date of death of decedent which occurred on July 25, 2003."

On September 23, 2004, Perry filed a Petition for Writ of Certiorari in this Court. On October 8, 2004, Perry filed his notice of appeal of the trial court's judgment. On October 14, 2004, this Court

1. In the will, Marvin J. Perry had nominated Paul E. Perry to serve as executor of his will.

2. Prior to 2003, the Servicemembers' Civil Relief Act was referred to as the Soldiers' and Sailors' Civil Relief Act. *See 50 U.S.C. app. § 501.*

entered its Writ of Certiorari. On November 5, 2004, the trial court entered its Return of Writ of Certiorari, stating that the court lacked jurisdiction to admit or reject the will because it was presented for probate over a year after the death of the decedent. The parties then filed briefs on the matter. Subsequently, Perry filed a motion to consolidate the writ case with his direct appeal, and that motion was granted. Thus, both Perry's petition for writ of certiorari and his direct appeal are now before this Court.

▮▮▮ We must first determine whether Perry's direct appeal is properly before this Court because, if it is, certiorari will not lie. " 'The office of the common-law writ of certiorari ... generally extends to the review of all questions of jurisdiction, power, and authority of the inferior tribunal to do the action complained of, and all questions of irregularity in the proceedings.' " *State ex rel. Southwestern Bell Tel. v. Brown*, 795 S.W.2d 385, 387–88 (Mo. banc 1990) (quoting *14 Am.Jur.2d, Certiorari § 2* (1964)). "The function of the writ is to bring that record before the issuing court for the purpose of determining whether the inferior tribunal acted outside its jurisdiction or otherwise illegally, *in situations where no appeal or other available mode of review is afforded or where such other type of review is inadequate to meet the exigencies of the case.*" *State ex rel Modern Fin. Co. v. Bledsoe*, 426 S.W.2d 737, 740 (Mo.App. E.D.1968) (internal citations omitted and emphasis added). " 'Certiorari is a remedy narrow in its scope and inflexible in its character. It is

not a general utility tool in the legal workshop. It cannot be made to serve the purpose of an appeal or writ of error.' " *State ex rel. Hill v. Davis*, 488 S.W.2d 305, 308 (Mo.App. W.D.1972) (quoting *State ex rel. St. Louis Union Trust Co. v. Neaf*, 346 Mo. 86, 139 S.W.2d 958, 961 (1940)). Accordingly, "[c]ertiorari cannot be used as a substitute for appeal ... and where the inferior tribunal has jurisdiction and its action can be reviewed by appeal ..., certiorari will not lie." *State ex rel. Palmer v. Elliff*, 332 Mo. 229, 58 S.W.2d 283, 286 (1933).

▮▮▮ With regard to appeals in probate matters, Section 472.160.1(14)[3] provides that any aggrieved person may appeal to the appropriate appellate court an order, judgment, or decree of the probate division in all cases where there is a final order or judgment under the probate code "except orders admitting to or rejecting wills from probate." "This entitlement must be liberally construed, as the law favors the right to appeal." *In re Estate of Clark*, 83 S.W.3d 699, 702 (Mo.App. W.D.2002).

While conceding that the probate court's order was not an order admitting or rejecting a will from probate, Respondent contends that an order rejecting a petition for failing to comply with the time limitation set forth in § 473.050 is not a final order or judgment and is, therefore, not appealable. Respondent argues that it is instead a determination that the probate court lacked subject matter jurisdiction and that such rulings are not reviewable by this Court.[4]

---

3. All statutory references are to RSMo 2000 unless otherwise noted.

4. Respondent also mentions in passing that the trial court's order was not denominated a "judgment" as prescribed by Rule 74.01(a). However, "it is well settled that Rule 74.01(a) does not apply to probate proceedings," *In re*

*Nelson*, 119 S.W.3d 197, 200 (Mo.App. W.D. 2003), and the requirement that the trial court's ruling be denominated a judgment does not apply to appeals under the probate code. *In re Estate of Clark*, 83 S.W.3d 699, 702 (Mo.App. W.D.2002).

■ "For an order to be final and appealable, it must dispose of all issues and parties in the case, leaving nothing for future determination." *Id.* at 702. The probate court's order meets these criteria.

■ In the case at bar, the probate court did not admit or reject the will from probate, and, therefore, the provision of § 472.160.1(14) barring appeals from "orders admitting to or rejecting wills from probate" is inapplicable. This is so because the probate court's dismissal of an application and refusal to admit a purported will to probate based upon the statute of limitations does not constitute a "rejection" of a will from probate as provided in § 472.160.1. *See In re Politte's Estate,* 460 S.W.2d 733, 734–35 (Mo.App. E.D.1970). Instead, the probate court dismissed Perry's petition and application for failing to comply with the applicable statute of limitations. *Id.* While Respondent contends that the statutory time limitations set forth by the legislature for the filing of a will and for applying for letters testamentary are not statutes of limitations, Section 473.050 is a statute of limitations, limiting the time within which a will can be presented for probate. *Swinney v. Cummings,* 581 S.W.2d 474, 476 (Mo.App. S.D. 1979); *In re Politte's Estate,* 460 S.W.2d at 735. Likewise, the one-year limitation for filing an application for letters testamentary is a statute of limitations. *Johnson v. Akers,* 9 S.W.3d 608, 609 (Mo. banc 2000). Thus, the trial court disposed of all issues and parties before the court.

■ A trial court's dismissal of an action based upon the running of a statute of limitations is a final, appealable order. *Long v. Cross Reporting Serv., Inc.,* 103 S.W.3d 249, 252 n. 4 (Mo.App. W.D.2003);

*Doe v. Visionaire Corp.,* 13 S.W.3d 674, 676 (Mo.App. E.D.2000). More specifically, as noted *supra,* a trial court's determination that an action is barred by the statute of limitations for filing a will or for applying for letters testamentary is reviewable by an appellate court. *See In re Politte's Estate,* 460 S.W.2d at 734–35; *Johnson,* 9 S.W.3d at 609–10 (reviewing the probate court's denial of an application for letters testamentary because the application was not filed within the one year statute of limitations).

■ Even were we to view the applicable statute of limitations as a jurisdictional prerequisite, the probate court had the authority to consider its own jurisdiction, and its ruling in that regard is reviewable by this Court on appeal. Where a trial court has dismissed a case on the ground that it lacked subject matter jurisdiction, the trial court's dismissal of the action is appealable because the effect of the order is to dismiss the plaintiff's action and not merely the pleading.[5] *Sexton v. Jenkins & Assocs., Inc.,* 152 S.W.3d 270, 273 (Mo. banc 2004).

In short, the trial court's order dismissing Perry's petition and application was a final, appealable order, properly before this Court on appeal. Accordingly, certiorari does not lie. We, therefore, quash our writ of certiorari and take up Perry's direct appeal.

■ On appeal, Perry contends that the probate court erred in dismissing his petition and application for failing to comply with the applicable statute of limitations. Perry claims that 50 App. U.S.C. § 526(a) of the Servicemembers' Civil Relief Act (SCRA) tolled the statute of limita-

---

5. On the other hand, a determination by the trial court that it has jurisdiction does not dispose of the issues and parties before the court and is not a final, appealable order, and such a determination is properly reviewable by extraordinary writ. *Boillot v. Conyer,* 861 S.W.2d 152, 154 (Mo.App. E.D.1993).

tions while he was actively serving in the military.

Where a dismissal is granted on the pleadings on the grounds that a claim is barred by a statute of limitations, this Court will review the matter as an issue of law. *Bettis v. Potosi R–III Sch. Dist.*, 51 S.W.3d 183, 185 (Mo.App. W.D. 2001). The pleadings are "construed liberally, treating all facts alleged as true and construing allegations favorably to the plaintiff." *Dupree v. Zenith Goldline Pharms., Inc.*, 63 S.W.3d 220, 221 (Mo. banc 2002). A petition may not be properly dismissed for violating the statute of limitations "unless it is clearly established on the petition's face and without exception that the cause of action is time barred." *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo.App. E.D.2000).

Perry's pleadings affirmatively averred that he had served on active duty in the U.S. Army from January 8, 2003, to July 13, 2004. Perry further stated that the statute of limitations for presenting the will and for filing an application for letters testamentary were tolled pursuant to 50 App. U.S.C. § 526(a) of the SCRA and that his pleadings were, therefore, timely filed. In dismissing Perry's pleadings, the probate court simply concluded that Perry's petition and application were barred by § 473.050 because they were not filed within one year of the death of the decedent, implicitly finding that 50 App. U.S.C. § 526(a) did not apply to toll the statute of limitations for the presentment of wills and for an application for letters testamentary.[6]

Section 473.050.3 provides that "[n]o proof shall be taken of any will nor a certificate of probate thereof issued unless such will had been presented ... [i]n cases where notice has not previously been given in accordance with section 473.033 of the granting of letters on the estate of testator, within one year after the death of the testator[.]" Section 473.050.5 further states that "[a] will not presented for probate within the time limitations provided in subsection 3 of this section is forever barred from admission to probate in this state." Since the decedent died over a year prior to the filing of Perry's petition and application, the statute of limitations would bar Perry's petition and application unless the statute of limitations was tolled.[7]

As previously noted, Perry contends that the tolling provisions of the SCRA applied to toll the limitations periods set forth in § 473.050. The Servicemembers' Civil Relief Act, 50 App. U.S.C. § 526, states:

(a) Tolling of statutes of limitation during military service

The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

"The broad, unqualified, and mandatory language of [the tolling statute] leaves lit-

---

6. Because no evidentiary hearing was conducted, the probate court could not have properly based its decision upon a finding that Appellant had not been on active duty in the Army.

7. Section 473.050 is a special statute of limitations that is not tolled under Missouri law, even for fraud or concealment of the will. *In re Politte's Estate*, 460 S.W.2d 733, 735 (Mo. App. E.D.1970).

tle room for judicial interpretation or oversight in its application...." *In re A.H. Robins Co.*, 996 F.2d 716, 718 (4th Cir. 1993). "'The tolling statute is unconditional. The only critical factor is military service; once that circumstance is shown, the period of limitations is automatically tolled for the duration of service....'" *Ludwig v. Anspaugh*, 785 S.W.2d 269, 271 (Mo. banc 1990) (quoting *Ricard v. Birch*, 529 F.2d 214, 216–17 (4th Cir.1975)).

■■■ Under the Supremacy Clause of the United States Constitution, article VI, clause 2, "Missouri Courts are obliged to apply federal law and may not apply substantive or procedural state law which is in derogation of federal law." *State ex rel. Nixon v. McClure*, 969 S.W.2d 801, 804–05 (Mo.App. W.D.1998). Thus, if the tolling provision of the SCRA in 50 U.S.C.App. § 526 is applicable to the statutes of limitations for the presentment of a will and the filing of an application for letters testamentary, the federal statute is controlling and the statute of limitations was tolled during any period in which Perry was serving on active duty in the military. *See Ludwig*, 785 S.W.2d at 270–72 (holding that the tolling provisions of the SCRA served to toll the limitation of section 473.083.6 on perfecting a timely-filed will contest by securing service of process within 90 days of the filing of the petition). The ultimate issue before this court, therefore, is whether 50 App. U.S.C. § 526(a) of the SCRA applies to toll the limitations period set forth in § 473.050.

■■■ The Servicemembers' Civil Relief Act (formerly "The Soldiers' and Sailors' Civil Relief Act") "'is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation.'" *State ex rel. Goehler v. Ladriere*, 354 Mo. 515, 189 S.W.2d 986, 989 (1945) (quoting *Boone v. Lightner*, 319 U.S. 561, 63 S.Ct.

1223, 1226, 87 L.Ed. 1587 (1943)). Accordingly, the tolling provisions of the SCRA are "to be 'liberally construed to carry out its purposes.'" *Ludwig*, 785 S.W.2d at 271 (quoting *Worlow v. Mississippi River Fuel Corp.*, 444 S.W.2d 461, 464 (Mo. 1969)).

■■■ The general purposes of the Servicemembers' Civil Relief Act are set forth in 50 U.S.C.App. § 502, which states:

> The purposes of this Act [sections 501 to 596 of this Appendix] are—
>
> (1) to provide for, strengthen, and expedite the national defense through protection extended by this Act [said sections] to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
>
> (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.

"It is readily ascertained that the primary desire of Congress is to give protection to the soldier.... The object is to relieve the soldier from the consequences of his handicap in meeting financial and other obligations incurred prior to his call to duty, so that his energies may be devoted to his military duties, unhampered by mental distress occasioned by the consequences to him or to his dependents flowing from his inability to meet his obligations." *Omega Indus., Inc. v. Raffaele*, 894 F.Supp. 1425, 1434 (D.Nev.1995) (quoting *Patrikes v. J.C.H. Serv. Stations, Inc.*, 180 Misc. 917, 41 N.Y.S.2d 158, 165 (City Ct.1943)).

As relevant to the case at bar, the tolling provision of 50 U.S.C.App. § 526 states, "The period of a servicemember's military service may not be included in

computing any period limited by law ... for the bringing of any action or proceeding in a court ... by ... the servicemember...." Respondent contends that this tolling provision only applies to statutes of limitations and further asserts that § 473.050 is not a statute of limitations. Respondent is wrong on both counts.

Under the case law, § 473.050 has been deemed to be a statute of limitations, albeit a "special statute of limitations" to which the regular tolling provisions under Missouri law were not applicable, and has been referred to and treated as such. *See Johnson*, 9 S.W.3d at 610; *In re Politte's Estate*, 460 S.W.2d at 735.[8] Moreover, our Supreme Court has held that the tolling provision of the SCRA was "intended to modify not only those statutes properly called statutes of limitations, by which times are fixed for the bringing of actions, but statutes creating a right of action which did not exist independently of the statute where the time for bringing such an action is limited in some way or a condition precedent is imposed by statute." *Worlow*, 444 S.W.2d at 464 (internal quotations omitted).

The Missouri Supreme Court has applied this principle in finding that the tolling provisions of the Servicemembers' Civil Relief Act applied to at least two statutes that were not traditional statutes of limitations. In *Worlow v. Mississippi River Fuel Corp.*, 444 S.W.2d 461, 464 (Mo.1969), the Court held that the tolling provisions of the SCRA applied to toll the provision in the wrongful death statute providing that a plaintiff taking or suffering a nonsuit may commence a new action within one year of taking the nonsuit. In

so doing, the Court cited favorably to cases from other jurisdictions holding that the time limitation barring the filing of a statutory wrongful death action is tolled by the tolling provisions of the SCRA and relied upon those cases in reaching its decision. *Id.*

In *Ludwig v. Anspaugh*, 785 S.W.2d 269, 270 (Mo. banc 1990), our Supreme Court considered whether the SCRA served to toll the limitation of section 473.083.6 on perfecting a timely-filed will contest by securing service of process within 90 days of the filing of the petition. In *Ludwig*, the plaintiff in a will contest action had failed to obtain service on a necessary party, who was actively serving in the military, within the prescribed 90–day period. *Id.* at 270. After observing that the tolling provision had the dual purpose of protecting the rights of those serving in the armed forces and also protecting those persons having causes of action against persons in military service, the Court noted that "[t]he language of the Act, 'any period ... to be limited,' liberally construed, encompasses the requirement of section 473.083.6 that a petitioner secure service of process on all parties defendant within ninety days of filing the petition." *Id.* at 271 (internal citations omitted). The Court stated that, while Missouri clearly had a policy interest in furthering the prompt settling of estates and in expediting prosecution of will contests, "[t]his salutary policy must give way ... to the mandatory tolling provisions made by Congress." *Id.*

 Similarly, liberally construing the language of the tolling provision of the SCRA to carry out the purpose for its enactment, we believe that 50 U.S.C.App.

---

**8.** *See also Bosworth v. Sewell*, 918 S.W.2d 773, 776–77 (Mo. banc 1996) (rejecting an argument that § 473.083.1 is jurisdictional rather than a statute of limitations, noting that the statute does not explicitly state that

its requirements are "jurisdictional" and that it was merely a statutory bar that was stricter than most, "in the nature of a statute granting jurisdiction").

§ 526 applies to toll the limitation period set forth in § 473.050. While filing a petition for presentment of a will and an application for letters testamentary are significantly different from filing a tort, contract, or similar action in circuit court, they nevertheless involve "judicial ... proceedings ... that may adversely affect the civil rights," 50 U.S.C.App. § 502(2), of a the servicemember, namely, as in this case, the inheritance to which the servicemember is entitled, as well as the right to administer the estate.[9] A petition for the presentment of a will results in the probate court taking evidence and determining whether to issue a certificate of probate. *§ 473.050.* Furthermore, the filing of an application for letters testamentary initiates the administration of the estate of the decedent, which is a *proceeding in rem* in the probate court that continues until the decree of final distribution and the discharge of the last personal representative. *§ 473.013.* Thus, both a petition for presentment and an application for letters testamentary institute "proceedings" that Perry had a right to bring, if timely filed, in the probate court. Since 50 U.S.C.App. § 526 provides that "[t]he period of a servicemember's military service may not be included in computing any period limited by law ... for the bringing of any ... proceeding in a court ... by ... the servicemember," this provision acts to toll the limitations period contained in § 473.050, which pertains to the bringing of a proceeding in probate court.

This result is consistent with the purpose of the tolling provision in setting aside the obligations of a soldier so that the soldier may devote his or her energies to military service without having to worry about obligations back home. We believe that Congress intended that a servicemember like Perry should not be required to concern himself with the presentment of his father's will, in which he is named as the executor and a beneficiary, and with applying for letters testamentary while he was on active duty in the defense of his country. As was the case in *Ludwig*, the interests of the State in furthering the prompt settlement of estates must give way to the tolling provisions enacted by Congress pursuant to the Supremacy Clause. *Ludwig*, 785 S.W.2d at 271.

Furthermore, "[w]here Congress saw fit to exclude a particular type of proceeding from the tolling provision it did so explicitly and unambiguously, as it did in 50 U.S.C.App. § 527, which provides that '[the tolling provisions] shall not apply with respect to any period of limitation prescribed by or under the internal revenue laws of the United States.'" *In re A.H. Robins Co.*, 996 F.2d at 719–20. The presence of this exclusion and the absence of any mention of an exception for probate proceedings in the act serves to bolster our view that 50 U.S.C.App. § 526 applies to the period set forth in § 473.050. *See Id.*

The cases from other jurisdictions relied upon by Respondent in asserting that the tolling provisions should not apply are not on point, and we do not find them persuasive on this issue. In *McCoy v. Atlantic Coast Line Railroad Co.*, 229 N.C. 57, 47 S.E.2d 532, 534 (1948), the court simply stated, in dicta, that it questioned whether the tolling provision of the SCRA was

---

**9.** 42 USCS § 1982 of the Civil Rights Act of 1866 states, "All citizens of the United States shall have the same right, in every State or Territory, as is enjoyed by white citizens thereof to *inherit*, purchase, lease, sell, hold, and convey real and personal property." (emphasis added). Thus, the right to inherit has long been recognized as a "civil right" held by the citizens of this country. More generally, "[t]he term 'civil rights' embraces the rights due from one citizen to another, deprivation of which is a civil injury for which redress may be sought in a civil action." *Commonwealth v. Shimpeno*, 160 Pa.Super. 104, 50 A.2d 39, 44 n. 2 (1946).

intended to apply to probate proceedings. The court then proceeded to assume that the tolling provisions were applicable to probate proceedings in deciding the case. *Id.* at 534–35. The ultimate holding in *McCoy* was that the tolling provision in the SCRA was not applicable to the one-year limitations period contained in the North Carolina wrongful death statute, which the court noted was "materially different from that of most states." *Id.* We do not find the reasoning in *McCoy* persuasive in ruling on the issues now before us.

In *McLaughlin v. McLaughlin*, 186 Md. 165, 46 A.2d 307, 309 (1946), the Maryland Court of Appeals held that 50 U.S.C.App. § 521, requiring that, prior to the entry of judgment, a plaintiff must file an affidavit stating whether or not the defendant is in the military service or stating that the plaintiff is unaware whether the defendant is in the military service, did not apply to the filing of a will.' The court found that a will could be filed with the probate court without filing a "military affidavit" as to all of the next of kin because the filing of the will was not a judgment, action, or proceeding against the next of kin. *Id.* Later in the opinion, the *McLaughlin* court assumed that the tolling provisions of the SCRA were applicable to probate proceedings in general and, more specifically, that they were applicable to the one-year period of limitations upon a caveat after probate. *Id.* Similarly, in *Case v. Case*, 55 O.O. 317, 124 N.E.2d 856, 861 (Prob.Ct. Ohio 1955), the court held that

> [s]ince the presentation of a will for probate is not an adversary proceeding, and since a surviving spouse or other next of kin ... are not required to enter any appearance (as required in an adversary action) before a will can be admitted to probate in Ohio, the [Servicemembers'] Civil Relief Act as amended

October 17, 1940, has no application to the proceedings to admit a will to probate in Ohio, and it, therefore, is unnecessary for the executor or anyone else to file the affidavit, appoint the attorney, or follow any other of the provisions of said ... Act ... as a condition precedent to the issuing of letters testamentary in the instant case.

We do not find either of these cases, both of which address the applicability of the military affidavit provisions of 50 U.S.C.App. § 521, persuasive on the issue of whether the tolling provisions apply to the time limitations for the filing of a petition for presentment of a will or an application for letters testamentary.

We also find no merit to Respondents' argument that application of the SCRA to the presentment of wills will lead to an absurd result because the statutes allow non-interested parties to present a will to probate. Respondent opines that interested individuals who have allowed the statute of limitations to run would simply have to engage a member of the military to present the will in order to circumvent the statute of limitations.

In making this argument, Respondent fails to take into account the fact that actual administration of an estate does not commence until the filing of an application for letters testamentary or letters of administration, which will only be granted to interested persons and which must be filed within a year of the death of the decedent. *In re Estate of Croom*, 107 S.W.3d 457, 463 (Mo.App. S.D.2003); *Johnson*, 9 S.W.3d at 609.[10] Thus only an interested party who is entitled to take advantage of the tolling provisions would be able to commence the administration of an estate more than one year after the death of the decedent. This result would appear to impose no greater burden on the

---

10. "[B]y its 1996 enactment, amending the

provisions of section 473.050, the legislature

probate system and the settlement of estates than the tolling of the statute of limitations for the filing of a will contest.

In short, we find that the tolling provisions of the Servicemembers' Civil Relief Act serve to toll the statute of limitations for the filing of a petition for presentment and an application for letters testamentary for individuals covered by the act. We believe this result is consistent with the intentions of Congress in enacting the statute.

Because the probate court did not receive evidence or render a factual finding on whether Perry actually served in the armed forces subsequent to his father's death and for what period of time, the cause must be reversed and remanded to the probate court for a hearing on that issue. *See Worlow,* 444 S.W.2d at 464. If the probate court determines that Perry served in the armed forces for a sufficient period of time after the death of his father for the tolling provisions of 50 App. U.S.C. § 526 to render timely the filing of his petition and application, the probate court is directed to reinstate Perry's petition for presentment and application for letters testamentary.

The cause is reversed and remanded for further proceedings consistent with this opinion.

All concur.

---

has made clear that one who presents a will or codicil for admission to probate is not required to be an interested or otherwise entitled person, as either defined in case law or section 472.010(15). This enactment comports with the efficacious public policy of facilitating the process of probating instruments testamentary. We caution, however, that actual administration of an estate commences with the filing of the application for letters testamentary or of administration. Letters are to be granted to those persons entitled to letters as set out in section 473.110, thence to interested persons as set out in section 473.020." *In re Estate of Croom,* 107 S.W.3d 457, 463 (Mo.App. S.D. 2003) (citations and emphasis omitted).