

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

BRENT E. TAYLOR,                              )          No. ED100346
                                             )
        Plaintiff/Respondent,            )          Appeal from the Circuit Court
                                             )          of Warren County
vs.                                          )
                                             )          Honorable Wesley C. Dalton
BRYAN FERGUSON and TINA FERGUSON,            )
                                             )
        Defendants/Appellants,           )
                                             )
and                                          )
                                             )
MICHAEL TAYLOR RENTALS, LLC and              )
MARTINSBURG BANK AND TRUST,                  )
                                             )
        Intervenors/Respondents.         )          Filed:  May 20, 2014

The homeowners, Bryan and Tina Ferguson, appeal the judgment of the Circuit Court of Warren County denying their motion to set aside the default judgment obtained against them by the plaintiff, Brent Taylor, in his action to quiet title to certain real property.  Because the homeowners' motion to set aside the default judgment and supporting documents averred a *prima facie* basis for reopening the default judgment pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. sec. 501 *et seq*., the trial court plainly erred in denying their motion without an evidentiary hearing.  We reverse and remand with directions.

The homeowners owned real property in Warren County, Missouri.  On August 25, 2008, the Warren County tax collector sold the property at public auction for non-payment of property taxes.  The plaintiff purchased the property on that date and received a collector's deed some 20

months later. On May 21, 2010, the plaintiff filed an action to quiet title against the homeowners. The plaintiff made no attempt to personally serve the homeowners. The record reveals that the court never issued summonses. Instead, the plaintiff obtained an order for service by publication the same day that he filed his petition to quiet title. Furthermore, the plaintiff failed to file an affidavit stating whether the homeowners were in military service and setting forth facts to support such an affidavit. Nor did the court appoint an attorney to represent the homeowners, whose military-service status was not considered. Unsurprisingly, the homeowners neither filed a responsive pleading nor appeared for trial. On September 1, 2010, the trial court granted a default judgment for the plaintiff and quieted title to the property in him.[1] Michael Taylor Rentals, LLC later acquired the property and obtained a loan secured by the property from Martinsburg Bank and Trust.

The homeowners filed a motion to set aside the default judgment pursuant to the Servicemembers Civil Relief Act (SCRA) on July 3, 2013. In their motion, the homeowners asserted that Bryan Ferguson had been called to active duty in the United States Army, where he served from February 3, 2005 to April 14, 2013. They attached a copy of a Department of Defense Manpower Data Center Status Report pursuant to the SCRA reflecting Mr. Ferguson's dates of active duty as above. The homeowners pleaded that the Servicemembers Civil Relief Act, 50 App. U.S.C. sec. 501 *et seq*., (formerly the Soldiers and Sailors Civil Relief Act) takes precedence over Missouri law pursuant to the Supremacy Clause of the United States

---

[1] The plaintiff filed a separate quiet-title action in the Circuit Court of Warren County nearly two years later, on January 19, 2012, against Wilshire Credit Corporation and the Bank of New York as Trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2004-15 (collectively "the lienholders"), alleging that these entities held deeds of trust on the homeowners' property. The plaintiff obtained a default judgment without obtaining personal service of either lienholder, and the lienholders sought under Rule 74.05(d) to set aside that default judgment quieting title in the plaintiff. The trial court denied that motion as well. The lienholders have appealed separately. We have affirmed that judgment in an order with memorandum pursuant to Rule 84.16(b). We observe that the rights and liabilities that exist between the homeowners and the lienholders have not yet been adjudicated in either of these cases because they were never joined as parties in the same action.

2

Constitution, that the SCRA applies to any judicial proceeding commenced in state court, and that various provisions of the SCRA afford them—active-duty servicemembers and their dependents—multiple protections from the plaintiff's action and judgment.

The homeowners averred that these protections include: a requirement that the plaintiff file an affidavit stating whether or not the defendant is in military service and stating necessary facts to support the affidavit; appointment of an attorney to represent the defendant if it appears that he or she is on active duty in the military; a requirement that a court order be obtained before the sale, foreclosure, or seizure of property secured by a mortgage, deed of trust, or instrument of like nature for breach of that obligation; tolling of the periods allowed for bringing an action and for redeeming the property for the duration of the servicemember's active duty; and an opportunity to reopen a default judgment entered against the servicemember if it appears that military service materially affected him or her in making a meritorious defense to the action. Citing sections 140.340 and 140.420 R.S.Mo., the homeowners expressly pleaded that the one-year redemption period for the property did not begin to run until Mr. Ferguson left military service on April 14, 2013, pursuant to section 526(b) of the SCRA. They further alleged that Mr. Ferguson was stationed in Germany, that both homeowners lived there at the time the court entered judgment, that neither homeowner knew about the tax sale or the action to quiet title, that Mr. Ferguson was not authorized to leave Germany in order to defend against the plaintiff's action, and that they wanted to retain the property but did not receive an opportunity to redeem it.

One week after the homeowners filed their motion, the trial court heard argument on the motion, but did not conduct an evidentiary hearing. The court allowed Michael Taylor Rentals and Martinsburg Bank to intervene (collectively "the intervenors"). The homeowners argued

3

that they believed that Michael Taylor Rentals was not a *bona fide* purchaser for value. Rather, the homeowners expressed their belief that Michael Taylor is the plaintiff's son and that the property was a gift. The trial court denied the homeowners' motion without elaboration as to its reasoning, rendering no findings of fact or conclusions of law, and the homeowners appeal. The plaintiff has not filed a brief. The only respondent's brief before us is the one filed by the intervenors.

The homeowners brought their motion to set aside default judgment pursuant to sec. 521 of the SCRA. The purpose of section 521 [formerly section 520] is to protect servicemembers from judgments entered against them without their knowledge. *Cloyd v. Cloyd*, 514 S.W.2d 337, 344 (Mo. App. St.L. 1978); *see also Klaeser v. Milton*, 47 So.3d 817, 822-23 (Ala. Civ. App. 2010)(stating the purpose of the Soldiers and Sailors Civil Relief Act was to protect persons in military service from having default judgments entered without their knowledge). Section 521 states in relevant part:

> (a) Applicability of section
> This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance.
>
> (b) Affidavit requirement
> > (1) Plaintiff to file affidavit
> > In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit--
> > > (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
> > > (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.
> > (2) Appointment of attorney to represent defendant in military service
> > If in an action covered by this section it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed under this section to represent a servicemember cannot locate the servicemember, actions by the

attorney in the case shall not waive any defense of the servicemember or otherwise bind the servicemember.

* * *

(f) Section 202 protection
If a servicemember who is a defendant in an action covered by this section receives actual notice of the action, the servicemember may request a stay of proceeding under section 202 [section 522 of this Appendix].

(g) Vacation or setting aside of default judgments
    (1) Authority for court to vacate or set aside judgment
    If a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), the court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action if it appears that--
        (A) the servicemember was materially affected by reason of that military service in making a defense to the action; and
        (B) the servicemember has a meritorious or legal defense to the action or some part of it.
    (2) Time for filing application
    An application under this subsection must be filed not later than 90 days after the date of the termination of or release from military service.

(h) Protection of bona fide purchaser
If a court vacates, sets aside, or reverses a default judgment against a servicemember and the vacating, setting aside, or reversing is because of a provision of this Act [sections 501 to 515 and 516 to 597b of this Appendix], that action shall not impair a right or title acquired by a bona fide purchaser for value under the default judgment.

Initially, we observe that submission of the affidavit is a prerequisite to the entry of a default judgment. *Klaeser*, 47 So.3d at 822. A default judgment entered without fulfilling the affidavit requirement—indeed all requirements of the SCRA—is voidable. *Id.*; *In re K.B.*, 298 S.W.3d 691, 693 (Tex. App. 2009).

While the homeowners brought their motion to set aside the default judgment pursuant to the SCRA, we nonetheless find instructive the caselaw regarding Missouri Supreme Court Rule 74.05(d) for setting aside a default judgment. Section 521(g) of the SCRA is substantially

5

similar to Rule 74.05(d).  Under our Supreme Court rule, a defendant is entitled to an evidentiary hearing on a motion to set aside a default judgment when the motion satisfies the pleading requirements set forth in the rule.  *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009); *Capital One Bank (USA) NA v. Largent*, 314 S.W.3d 364, 366 (Mo. App. E.D. 2010). Much like the language of SCRA section 521(g)(1), which requires that the servicemember be materially affected by reason of his or her military service in making a meritorious defense, the pleading requirements of Rule 74.05(d) provide that the trial court may set aside a default judgment "[u]pon motion stating facts constituting a meritorious defense and for good cause shown . . . ."  *Callahan*, 277 S.W.3d at 644.  Pursuant to Rule 74.05(d), if the motion and supporting documentation facially meet the requirements of the rule for setting aside a default judgment, then the trial court must hold an evidentiary hearing on the matter.  *Adams v. Borello*, 975 S.W.2d 188, 191 (Mo. App. W.D. 1998).

First, the homeowners alleged facts, buttressed by the record, that would support a finding that their defense to the action was materially affected by reason of Mr. Ferguson's military service, namely that they were not notified of the action against them.  The homeowners averred that Mr. Ferguson had been called to active duty in the U.S. Army from February 3, 2005 to April 14, 2013, that he was stationed in Germany accompanied by Mrs. Ferguson, and that he was not authorized to leave Germany.  The plaintiff made no effort whatsoever to personally serve the homeowners—indeed the record reveals that summonses were never issued. Remarkably, the plaintiff requested and obtained an order for service by publication in a Warren County newspaper the same day he filed the quiet-title action.  The homeowners further averred that they knew nothing of the tax sale or the action to quiet title.

The "materially affected" requirement of section 521(g)(1) of the SCRA serves a similar purpose as the "good cause" pleading requirement of Rule 74.05(d). "'Good cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). "Good cause" should have a liberal interpretation, and includes good-faith mistakes and even negligence in failing to file a timely answer. *Callahan*, 277 S.W.3d at 645. Lack of notice would certainly support a finding that the homeowners did not intentionally or recklessly ignore the action against them. Because the homeowners averred that they received no notice of the action by reason of Mr. Ferguson's military service overseas, they have pleaded that they were materially affected in making a defense by reason of such military service.

Second, the homeowners pleaded that the SCRA takes precedence over Missouri law,[2] that the SCRA applies to judicial proceedings in state court,[3] and that it affords them multiple protections from the plaintiff's action and judgment. Specifically, "[a] period of military service may not be included in computing any period provided by law for the redemption of real property sold or forfeited to enforce an obligation, tax, or assessment." 50 App. U.S.C. sec. 526(b). "The statutory command in section 525 [now section 526] is unambiguous, unequivocal, and unlimited." *Conroy v. Aniskoff*, 507 U.S. 511, 514 (1993). Thus, it appears pursuant to SCRA section 521(g)(1)(B) that the homeowners have a meritorious or legal defense to the quiet-title action, namely that the SCRA tolled the redemption period and that the homeowners received no opportunity to redeem the property. The SCRA's "meritorious or legal defense" requirement is analogous to Rule 74.05(d)'s "meritorious defense" requirement. Under Rule

---

[2] "Under the Supremacy Clause of the United States Constitution, article VI, clause 2, 'Missouri Courts are obliged to apply federal law and may not apply substantive or procedural state law which is in derogation of federal law." *State ex rel. Estate of Perry v. Roper*, 168 S.W.3d 577, 585 (Mo. App. W.D. 2005)(quoting *State ex rel. Nixon v. McClure*, 969 S.W.2d 801, 804-05 (Mo. App. W.D. 1998)).

[3] 50 App. U.S.C. 512 provides in relevant part that the SCRA applies to "each of the States, including the political subdivisions thereof," and "applies to any judicial or administrative proceeding commenced in any court or agency in any jurisdiction subject to this Act [said sections]," except for criminal proceedings.

7

74.05(d), "[a] 'meritorious defense' means proof of any factor likely to materially affect the outcome of the underlying case." *Id.* To plead facts constituting a meritorious defense under the Missouri rule, the homeowners must demonstrate an arguable theory that would defeat the plaintiff's claim. *Capital One*, 314 S.W.3d at 368. Although the intervenors dispute that the Status Report from the Department of Defense Manpower Data Center submitted by the homeowners constitutes evidence proving military service, we find that the homeowners' motion and the supporting Status Report allege an arguable theory based on the protections available to active-duty servicemembers through the SCRA that could justify setting aside the default judgment in the plaintiff's quiet-title action.

As to the timeliness of their motion, the homeowners pleaded that they filed their motion within 90 days of Mr. Ferguson's discharge from active duty as provided by section 521(g)(2) of the SCRA.

Although we rarely do so in civil cases, we have the discretion to review for plain error affecting substantial rights when we find that a manifest injustice or miscarriage of justice would result. *McGee v. City of Pine Lawn*, 405 S.W.3d 582, 588 (Mo. App. E.D. 2013). Again, the homeowners' motion to reopen the default judgment pursuant to section 521(g) of the SCRA is analogous to a motion to set aside a default judgment pursuant to Missouri Supreme Court Rule 74.05(d). When a party avers a *prima facie* basis under Rule 74.05(d) for setting aside a default judgment, the trial court is obligated to conduct an evidentiary hearing. *Moore v. Baker*, 982 S.W.2d 286, 288 (Mo. App. W.D. 1998); *see also Boatmen's First Nat'l Bank v. Krider*, 802 S.W.2d 531, 532 (Mo. App. W.D. 1991)(when motion and supporting documents facially meet requirement of rule for setting aside judgment, defendant entitled to hearing to attempt to prove matters encompassed in motion).

8

Here, the homeowners lost their home, allegedly while Mr. Ferguson was stationed abroad with the U.S. Army, with no attempt at personal service having been made. Under our Missouri rule, the homeowners would be entitled to an evidentiary hearing. We find no reason to reach a different result under the substantially similar provisions of the SCRA. The homeowners' motion and supporting documentation, including the Military Status Report from the Department of Defense Manpower Data Center, averred a *prima facie* basis for reopening the default judgment. The homeowners would suffer a manifest injustice or miscarriage of justice if they are denied the opportunity for an evidentiary hearing to establish whether Mr. Ferguson was an active member of the military during the relevant time and thus whether the SCRA affords the homeowners protection.

We hold that the trial court plainly erred in failing to conduct an evidentiary hearing on the homeowners' motion to set aside the default judgment. Because the trial court denied the homeowners' motion without an evidentiary hearing, we reverse its judgment and remand the case to the trial court to conduct a hearing to receive evidence concerning the homeowners' averments.

Upon remand, the threshold question is whether Mr. Ferguson actively served in the U.S. military as asserted, and if so, for what period.[4] The primary desire of Congress in enacting the SCRA was to give protection to members of the military. *State ex rel. Estate of Perry v. Roper*, 168 S.W.3d 577, 585 (Mo. App. W.D. 2005). The SCRA's objective is to relieve servicemembers from the consequences of their handicap in meeting financial and other obligations incurred prior to their call to duty, so that their energies may be devoted to their

---

[4] The homeowners have also raised the issue of whether the intervenor, Michael Taylor Rentals, LLC qualifies as a *bona fide* purchaser for value. On remand, the trial court may also need to receive evidence to determine this question.

military duties, unhampered by mental distress occasioned by the consequences flowing from an

inability to meet their obligations. *Id.* The United States Supreme Court has cogently held:

> The [Servicemembers] Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial.

*Boone v. Lightner*, 319 U.S. 561, 575 (1943).

LAWRENCE E. MOONEY, PRESIDING JUDGE

ROBERT G. DOWD, JR., J. and
SHERRI B. SULLIVAN, J., concur.